### McDONALD v. COHEN.

(Supreme Court, Appellate Term. December 22, 1909.)

LANDLORD AND TENANT (§ 296*)—FORECLOSURE OF MORTGAGE ON PREMISES—DISPOSSESSION OF TENANT BY RECEIVER.

A tenant, who was not a party to a suit to foreclose a mortgage on the premises, is not bound by the proceedings; and, not having attorned to a receiver of rents and profits appointed therein, he cannot be devested of his possession by summary proceedings brought by such receiver.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Summary proceedings by Edward W. McDonald against Harry Cohen. From an order awarding to the former possession of leased premises, the latter appeals. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Alexander Kahn, for appellant.
James E. McDonald, for respondent.

GOFF, J. An order in summary proceedings dispossessing the tenant appellant has been made under the following circumstances: The owner of the premises in question, of which the tenant is in possession of a part, executed a mortgage upon them, which was recorded in 1905. In February, 1909, the owner executed the lease to appellant, under which he holds possession. In March, 1909, the landlord, who is respondent here, was appointed receiver of rents and profits, in a suit to foreclose the mortgage. The tenant paid in advance for five months' rent of that part of the premises which he leased, being the whole term of his lease, and, now refusing to pay rent to the receiver from April 1, 1909, an order dispossessing him has been made accordingly.

---

The learned justice of the trial court rendered his decision upon the authority of Fletcher v. McKean, 71 App. Div. 278, 75 N. Y. Supp. 817, in which the essential circumstances were on all fours with those presented here, with one exception: In that case, the tenant was a party to the foreclosure action; in this, there is no evidence that the tenant was a party. Not being a party, he is not bound by proceedings in the action (Wiltsie on Mortgage Foreclosure, § 157); and, not being a party and not having attorned to the receiver, he cannot be divested of his possession. Plaintiff's remedy is pointed out in Bowery Savings Bank v. Richards, 3 Hun, 366.

Final ordered reversed, with costs, and proceeding dismissed.

GIEGERICH, J., concurs.

LEHMAN, J. (concurring.) From the stipulated facts upon which this proceeding was submitted, it appears that the owner of the premises executed a third mortgage thereon, containing a provision for the appointment of a receiver of the rents and profits of the premises. After the execution and recording of the mortgage, the owner leased the premises to the tenant herein for a term of 10 months, beginning February 1, 1909, and the tenant paid the entire rent for the said term. An action was thereafter brought to foreclose the said mortgage, and on March 20th the petitioner herein duly qualified as receiver of the rents and profits appointed in the said action, and now has brought summary proceedings against the tenant for the nonpayment of the rent for the month of April. It does not appear that the tenant was made a party to the foreclosure proceedings, or that he has attorned to the receiver. It is absolutely settled law that, until the mortgage is actually foreclosed, the mortgagor is entitled to the possession of the premises. Nevertheless, under its general equitable power, the court may, prior to the foreclosure and sale, appoint a receiver of the rents, issues, and profits of the mortgaged premises, and thereby make the decree of foreclosure which shall be finally entered relate back to the time when the foreclosure was begun, and rents accruing subsequent to the appointment of the receiver may be taken and held for application upon the mortgage debt. Hollenbeck v. Donnell, 94 N. Y. 342.

The leases previously made by the mortgagor are not made void by such an appointment, but rents then due and unpaid or thereafter accruing must be paid to such receiver. Inasmuch as the receiver is entitled to the possession of the premises and the rents accruing therefrom, I see no reason why he should not be entitled to enforce these rights by summary proceedings, even though the tenant was not made a party to the foreclosure proceedings, nor has attorned to him. In the case of Commonwealth Mortgage Co. v. De Waltoff (Appellate Division, First Department, not yet officially reported) 119 N. Y. Supp. 781, the court has sustained the right of a purchaser at a foreclosure sale to bring such a proceeding against a tenant, not a party to the foreclosure, who has not attorned to the purchaser, upon the theory that the lease was not destroyed by the foreclosure proceedings, to which the tenant was not a party, and, in the opinion of the court, attornment was, if not obsolete in this state, at least no longer necessary

to establish the relation of landlord and tenant under such circumstances. ·Under the authority of that case, I think that under similar circumstances the receiver is also entitled·to bring summary proceedings for rent to which he may be entitled.

I do not, however, find that he is entitled to any rent in this case. He relies, on this appeal, upon the case of Fletcher v. McKeon, 71 App. Div. 278, 75 N. Y. Supp. 817; but that case held only that, since the receiver was entitled to all rents accruing upon the premises, the mortgagor could not defeat this right in equity by a prior grant to a third party of such rents, nor apparently by receiving payments in advance of rents accruing under the lease thereafter. In the subsequent case of Derby v. Brandt, 99 App. Div. 257, 90 N. Y. Supp. 980, the court carried the rule slightly further, and decided that the receiver had a claim to rent free from all defenses that might be raised against the original landlord. No case has, however, gone so far as to hold that where a lease is made for a term, and rent is payable in advance under the lease for the whole term, any rent accrues· thereafter which the receiver is entitled to. The Century Dictionary defines the term "accrue," in law: "To become· a present and enforceable right or demand." Under that definition, no rent has ever accrued under this lease after the date of its inception. It was payable and was paid at that date. Such a lease may be so unusual that by its very terms it appears fraudulent, but in summary proceedings a lease cannot be set aside because of fraud. For such a remedy the petitioner must seek a court of equity.

The final order should therefore be reversed, with costs, and the proceeding dismissed.