SOL BAERLEIN, as Receiver of the Premises No. 293 West One Hundred and Forty-seventh Street, Borough of Manhattan, City of New York, Respondent, v. BENJAMIN WINTER, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1918.)

**Receiver — foreclosure of mortgages — attornment.**

> Where a receiver in a foreclosure action recovered a judgment for rent, and the record on appeal contains no evidence

> to support a finding of actual attornment by the tenant to the plaintiff, the judgment will be reversed, with leave to appeal to the Appellate Division.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff, after trial by the court without a jury.

Morris E. Gossett, for appellant.

Samuel B. Hamburger (Lester Harrisson, of counsel), for respondent.

*Per Curiam.* The plaintiff, as receiver in a foreclosure action, recovered herein a judgment for rent, which, the defendant lessee contends, cannot be sustained for the reason that there was no proof of attornment as required by the decision of the majority of this court in *McDonald* v. *Cohen,* 65 Misc. Rep. 489, approved and followed by the Appellate Division, second department, in *Henry* v. *Hirsch,* 140 App. Div. 893. The receiver pleaded a final order of dispossession obtained by him in summary proceedings against the tenant, which, if proved, would have made unnecessary any discussion of the question of attornment, as the relationship of landlord and tenant would thereby have been established. Or had the receiver made proof of the allegations contained in his brief concerning the conduct of the parties, attornment would have been shown. The record, however, contains no evidence of any facts that would support a finding of actual attornment. Were the matter one of first impression, we should hold that as the receiver, as the representative of the court, takes possession for both mortgagor and mortgagee and their successors, no attornment is required for the purpose of conferring upon him the

technical status of landlord. But, if this be not the correct view, we think that if the order appointing the receiver, or any subsequent order in the foreclosure action, directs the tenant to attorn, the tenant should be deemed to have attorned when served with the order so requiring attornment, and that he ought not to be heard to say that he has committed a contempt by refusing to attorn. The only case upon the subject that we have found, other than the two cases in this state already referred to, is *Henshaw* v. *Wells,* 9 Humph. (Tenn.) 568, and the decision there seems fully to sustain the view we take. See, also, *Commonwealth Mortgage Co.* v. *De Waltoff,* 135 App. Div. 33. But as we feel bound to follow the contrary decisions adverted to we are directing a reversal, but with leave to appeal.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event, and with leave to appeal to the Appellate Division if the receiver be so advised.

Present: BIJUR, FINCH and MULLAN, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event, with leave to appeal to Appellate Division.