FRANK OLIVE, Plaintiff, *v.* MAX LEVY and Others, Defendants. DAVID J. KATZ and Others, Appellants; HOWARD O. PATTERSON, Receiver in Foreclosure Proceedings, Respondent.

Second Department, May 12, 1922.

Mortgages — foreclosure — mortgage recorded prior to execution of lease to tenants — tenants must pay value of use and occupation since appointment of receiver in foreclosure regardless of agreement with landlord, even though rent to landlord paid in advance.

Tenants of premises upon which there is a mortgage, which was recorded prior to the execution of the lease and agreements under which they occupy and which is being foreclosed, a receiver having been appointed, are properly required to pay the receiver the reasonable value of the use and occupation of the premises from the date of the receiver's appointment, regardless of any agreement previously made with the landlord.

*It seems,* that even if the tenants had paid in advance rent agreed upon with the landlord, they would still be required to pay the receiver for the use and occupation of the premises.

APPEAL by David J. Katz and others from an order of the Supreme Court, made at the Kings Special Term and entered in

the office of the clerk of the county of Kings on the 11th day of February, 1922, directing the tenants to attorn to the receiver and requiring them to pay rent to said receiver at the rate fixed in said order.

*Benjamin Reass* [*Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the appellants.

*Grover M. Moscowitz,* for the receiver, respondent.

PER CURIAM:

The mortgage in suit was recorded prior to the execution of the lease and agreements under which the appellants occupy. They are parties to the action. A receiver of the mortgaged premises having been appointed, regardless of any agreement previously made by the landlord, the receiver was entitled to receive and the occupants required to pay the reasonable value of the use and occupation. Even if the tenants had paid the stipulated rent in advance they would be required to pay the receiver for the use and occupation of the premises. (*Fletcher* v. *McKeon,* 71 App. Div. 278; *Derby* v. *Brandt,* 99 id. 257.)

The receiver was appointed by order dated October 25, 1921, and was entitled to an order directing the occupants to pay him from that date the amount fixed by the court as the value of the use and occupation. It cannot be said that such an order is wholly unnecessary and not a part of the present procedure. (Rules of Civil Practice, rule 175; *Baerlein* v. *Winter,* 103 Misc. Rep. 506; *McDonald* v. *Cohen,* 65 id. 489; *Henry* v. *Hirsch,* 140 App. Div. 893; *Home Life Ins. Co.* v. *O'Sullivan,* 151 id. 535; *Public Bank of New York* v. *London,* 159 id. 484; *Isaacs* v. *Greenberg,* 145 N. Y. Supp. 921.) The order is well supported by the authorities, but is too broad in its terms.

The order should be so modified as to direct payment of the amount fixed as the reasonable value of the use and occupation of No. 57 Tillary street, Brooklyn, from October 25, 1921, the date of the receiver's appointment, and as thus modified affirmed, without costs.

BLACKMAR, P. J., RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Order so modified as to direct payment of the amount fixed as the reasonable value of the use and occupation of No. 57 Tillary street, Brooklyn, from October 25, 1921, the date of the receiver's appointment, and as thus modified affirmed, without costs.