SARAH SCHOENBERG and Others, Plaintiffs, *v.* MAKSTEIN REALTY Co., INC., and Others, Defendants.

Supreme Court, Bronx County, July 28, 1927.

**Mortgages — receiver — receiver in action to foreclose mortgage recorded prior to lease of premises is entitled to rent for use of premises — tenant refused to enter into lease with receiver after commencement of foreclosure action — receiver properly leased to third party though tenant paid stipulated rent to landlord — order restraining receiver from interfering with tenant, denied.**

A receiver, in an action to foreclose a mortgage recorded prior to the execution of a lease of the mortgaged premises, is entitled to receive and the tenant is required to pay the reasonable value for the use and occupation of said premises although the tenant has paid the stipulated rent in advance. If the tenant refuses to enter into a lease with the receiver, the latter may lease to another.

Accordingly, defendant tenant is not entitled to an order restraining the receiver named in this foreclosure action from interfering with said tenant's use of leased premises, for the tenant was given an opportunity by the receiver to lease the premises and refused to do so.

APPLICATION for order enjoining and restraining the receiver in a foreclosure suit from interfering with the defendant Samuel Silensky's use of premises known as the Martinique Mansion in the borough of The Bronx during the Jewish high holy days, and directing the receiver to recognize a lease to these premises between said Silensky and the owner of the building.

*Buchler & Richman*, for the defendant Silensky.

*Francis X. Conlon*, for the receiver.

GIBBS, J. An examination of the papers submitted on this motion discloses that the defendant Silensky in 1926 leased from the defendant Makstein Realty Co., Inc., the main hall in the premises in question for the purpose of conducting religious services during the Jewish New Year and Day of Atonement. Thereafter the premises were sold to the Frank Realty Co., Inc., and Silensky entered into a new lease for two years, paying $800 on account of the rent for 1927. This lease bears date December 29, 1926, and was duly recorded in the office of the register of Bronx county. An action was instituted to foreclose a mortgage on said premises made prior to the lease on which there was due the sum of $13,000. Silensky was made a party defendant. Thereafter and on the 18th day of April, 1927, the receiver was appointed. About May first he discussed the proposition of leasing the premises with Silensky who insisted that he was entitled to possession under the lease made by the Frank Realty Co., Inc. Inasmuch as Silensky refused to enter into a new agreement with the receiver, the latter on June

8, 1927, rented the premises to the Congregation of Holy Jacob. On June 24, 1927, the foreclosure action was discontinued as against Silensky. He thereupon notified the receiver of the discontinuance and demanded possession of the premises under the terms of his lease.

It is now a settled rule of law that in a suit to foreclose a mortgage recorded prior to the execution of a lease of the premises, the receiver is entitled to receive and the lessee required to pay the reasonable value of the use and occupation even though the tenant has paid the stipulated rent in advance. (*Olive* v. *Levy*, 201 App. Div. 262; *Fletcher* v. *McKeon*, 71 id. 278.)

In the case at bar the action was not discontinued as against Silensky until after the appointment of the receiver and until after the receiver had given him an opportunity to make an agreement for the use of the premises. Silensky having refused to enter into any arrangements with the receiver, the latter was justified and in duty bound to lease the premises.

Under the circumstances the motion is denied. Submit order.