Joseph Sager, Plaintiff, v. Rebdor Realty Corporation and Others, Defendants.

James Doris, as Receiver, etc., Appellant; Hall of Fame Garage, Inc., Respondent.

First Department, June 23, 1930.

*Meyer Levy*, for the appellant.

No appearance for the respondent.

Sherman, J. The receiver, appointed in this mortgage foreclosure action, appeals from an order of the Special Term denying his motion to fix the reasonable rental value to be paid to him by the tenant, respondent, in possession of the mortgaged premises.

The premises consist of a garage for the storage at monthly rentals of automobiles owned by the public.

The mortgage, under foreclosure for an indebtedness amounting to $29,989.71, is a second mortgage, being subject to a first mortgage of $175,000, as to which foreclosure proceedings also were commenced on March 5, 1930. The receiver qualified in this action on April 11, 1930. Subsequently to the default on the second mortgage and after the institution of a foreclosure suit upon the first mortgage, a " lease " was made by the Rebdor Realty Corporation, owner of the equity, to respondent, Hall of Fame Garage, Inc., at a rental of $250 per month for the months of April, May and June, 1930, and of $1,500 for July, August and September, 1930, with a graded rental during the balance of the term.

Upon qualification, the receiver forthwith demanded of the occupant of the premises that it turn over the rents to him, but it has refused to pay him anything. Thereupon an order was made directing the occupant, Hall of Fame Garage, Inc., to attorn to the receiver as of April 11, 1930. The receiver later applied to the court for an order directing said occupant to pay the fair and reasonable rental value of the mortgaged premises. This application was denied solely upon the ground that the court was without power to fix the rent because of the existence of the alleged lease.

A copy of that lease was submitted by respondent. It is for three years from its date, March 24, 1930. It was made more than two weeks after the *lis pendens* was filed in the first mortgage foreclosure proceeding and after the second bond and mortgage had become due, on January 31, 1930, according to their terms.

That lease contains no provision for security to the lessor. It does not provide, as is usual, for the payment of rent in advance. It seems strange that a tenant should make a lease for a term of three years in the face of pending foreclosure. The lease does not bear the tenant's signature. It is also significant that the rent therein is fixed at $250 a month for the three months during which, in the ordinary course of events, the foreclosure actions might be expected to be pending.

The moving papers satisfactorily show that the reasonable rental value of the garage was $2,000 a month. The receiver submitted the affidavit of a real estate expert to that effect, together with his own statement that he had an actual offer of $2,000 per month, with a deposit of $1,000, and that the prior tenant had paid a rental of $2,600 per month and had deposited $10,000 as security with the landlord. The record contains no proof in denial of this rental value, the president of tenant, respondent, attempting to justify the $250 rental for the first three months by the claim that

the business had declined, although conceding that " the rent of the premises will be worth $2,000 when the same is filled up."

The taxes and repairs are in excess of the $250 monthly rent. The first mortgage of $175,000 is also being foreclosed. The plaintiff, as junior mortgagee, in protecting his position, is obliged to pay additional sums during the pendency of said action on account of mortgage interest, taxes, assessments and other charges.

Clearly this so-called lease, calling for a wholly inadequate rent, was not made in good faith. It is a mere subterfuge to possess and use at a profit the mortgaged property during foreclosure to the detriment of plaintiff.

The court was in error in holding that it had no power, under the facts here shown, to fix the reasonable rental value of the premises. In *Olive* v. *Levy* (201 App. Div. 262) the court said: " A receiver of the mortgaged premises having been appointed, regardless of any agreement previously made by the landlord, the receiver was entitled to receive and the occupants required to pay the reasonable value of the use and occupation."

Neither this tenant nor the owner of the equity of redemption would have the right, under the circumstances shown, to derive all the profit from the garage pending the determination of this action and deny the receiver an adequate rent. In *Fletcher* v. *McKeon* (71 App. Div. 278) it was stated (at p. 281): " To hold that such right existed would open the door for successful fraud in every case of rent-productive mortgaged premises, where the security is inadequate for the payment of the mortgage debt. * * * During such period [referring to the pendency of the action] the earning power of the property would be at the mercy of such owners even though it was utterly inadequate to pay the mortgage debt. And when we consider the obstacles which may be thrown in the way of the foreclosure of an honest mortgage it is easily seen that fraud might arise out of such a condition which would be intolerable." The mortgage under foreclosure accords to plaintiff the right to collect the rents, issues and profits pending this action. This mortgage antedated this lease and was duly recorded, so that the lessee took subject to and was bound by its terms. As pointed out in *Derby* v. *Brandt* (99 App. Div. 257, at p. 258): " A receiver appointed at the instance of a mortgagee, under a mortgage executed and recorded prior to a lease, stands in a very different position to the tenant from that held by the landlord."

The tenant may quit and surrender possession of the premises, but if he elects to remain, he must pay a reasonable rental to the receiver.

Here, the alleged lessee stepped into the shoes of the mortgagor. Its lease was subordinate to the recorded mortgage then being foreclosed. The remedies which may be invoked against the owner likewise serve against it. The receiver was appointed by the court for the protection of the property, and to uphold the rights of the mortgagee. He cannot be thwarted by a device so transparent.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the receiver's motion to fix the sum of $2,000 per month as the reasonable rental value for the use and occupation of the mortgaged premises granted.

FINCH, McAVOY and MARTIN, JJ., concur.

McAVOY, J. (concurring). On March 5, 1930, an action was brought to foreclose the first mortgage on the premises in question.

A second mortgage, which is the subject-matter of this action, represents an indebtedness, principal and interest, amounting to $29,989.71, which by the terms of the bond and mortgage became due and payable in January, 1930.

On April 8, 1930, this plaintiff commenced action to foreclose the second mortgage. April 9, 1930, a receiver was appointed in that mortgagee's behalf, and he qualified April 11, 1930. On that date he made due demand on the Hall of Fame Garage, Inc., to turn over to him the rents, issues and profits, which it refused to do. Upon motion an order was made directing said Hall of Fame Garage, Inc., to attorn to the receiver as of April 11, 1930. This was followed by the motions made by said receiver to direct said occupant to pay him the fair and reasonable rental for the use and occupation of the mortgaged premises.

The Hall of Fame Garage, Inc., is willing to attorn to the receiver, but insists upon its alleged rights under a lease dated March 24, 1930, for a term of three years from said date, at a monthly rental of $250 for April, May and June, 1930, and $1,500 for July, August and September, 1930, with a provision for a graded rental for the rest of the term. This lease was made after the mortgage foreclosure was begun.

The court at Special Term denied the receiver's motion to fix the reasonable rental value to be paid to him by the occupant in possession of the mortgaged premises, because it was " of the opinion that the court is without power to ignore the lease which the tenant holds, and summarily order the tenant to pay to the receiver a sum of money which the latter claims as the reasonable rental value of the premises."

We think that the Hall of Fame Garage, Inc., should be directed to pay during its occupancy such reasonable rental value as the

court may fix, and that this court can summarily fix the rent. Such power is expressly declared in *Olive* v. *Levy* (201 App. Div. 262). A receiver of mortgaged premises, regardless of any agreement previously made by the landlord, is entitled to receive and the occupants are required to pay the reasonable value of the use and occupation. Even if rent were paid in advance, tenants would be directed to pay the receiver for the use and occupation of the premises. (*Olive* v. *Levy, supra.*)

The orders appealed from should be reversed, with ten dollars costs and disbursements, and the motion to fix the reasonable rental value at $2,000 per month should be granted.

MERRELL and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion of receiver to fix the sum of $2,000 per month as the reasonable rental value for the use and occupation of the mortgaged premises granted. Settle order on notice.