MONRO-KING & GREMMELS REALTY CORPORATION, Respondent, *v.* 9 AVENUE-31 STREET CORPORATION, Respondent, Impleaded with SEARS, ROEBUCK & Co., Appellant, and ANAHMA REALTY CORPORATION and Others, Defendants.

SAMUEL LAX, Receiver, Respondent.

First Department, November 6, 1931.

*Emory R. Buckner* of counsel [*John M. Harlan* and *Henry J. Friendly* with him on the brief; *Root, Clark & Buckner*, attorneys], for the appellant.

*John J. Weiss* of counsel [*Groehl, Weiss & Enright*, attorneys], for the respondent Monro-King & Gremmels Realty Corporation.

*Ira H. Monness* of counsel [*Murray Monness* with him on the brief; *Monness & Monness*, attorneys], for the respondent Samuel Lax, receiver.

*Alfred T. Davison* of counsel [*Victor McQuistion* with him on the brief; *Alfred T. Davison*, attorney], for the respondent 9 Avenue-31 Street Corporation.

TOWNLEY, J.  Appellant Sears, Roebuck & Co. on February 20, 1930, entered into an agreement with 580 Madison Avenue, Inc.,

to lease as tenant certain space in a building to be constructed at Ninth avenue and Thirty-first street. The proposed lease was for a term ending April 30, 1952, at an annual rental of ninety-three cents per square foot. The lease provided that the rental should be payable monthly except that Sears, Roebuck & Co. was to pay the rental from January 15, 1931, to December 31, 1931, in advance upon taking possession. The lease was to be subject and subordinate to mortgages not exceeding $2,000,000. Thereafter, agreements were entered into between Monro-King & Gremmels Realty Corporation, the plaintiff, and 580 Madison Avenue, Inc., for the purchase of the land specified in the commitment agreements. These agreements provided that the plaintiff would accept a purchase-money mortgage in the amount of $100,000 in part payment of the purchase price, which mortgage was to be subject and subordinate to a first mortgage in an amount not to exceed $1,900,000. The agreements were conditioned upon the execution of the lease for, at least, 200,000 square feet of space by a responsible tenant. The plaintiff knew that Sears, Roebuck & Co., the tenant, intended to execute such a lease and had full knowledge of the provisions regarding prepayment of rent. The closing of all these agreements occurred April 15, 1930, and the lease executed by Sears, Roebuck & Co. contained a provision wherein the landlord, 9 Avenue-31 Street Corporation, covenanted that so long as the tenant should pay rent and perform its other covenants under the lease, the tenant should have sole, peaceable and quiet enjoyment of the demised premises.

On January 15, 1931, after the erection of the building, the tenant took possession and concededly in good faith paid the landlord, in advance, rental up to December 31, 1931, in the amount of $187,205.15. The tenant has since occupied the same. The only security taken by the tenant for this prepayment of rent was a bond of 9 Avenue-31 Street Corporation with one Max Natanson, as surety.

On April 24, 1931, the tenant was made a defendant in this action. It was alleged in the complaint that $3,000 interest due on the mortgage had not been paid and plaintiff demanded a foreclosure. A receiver was appointed of all the rents and profits then due and unpaid or to become due pending this action and issuing out of the mortgaged premises. The tenant was served with this order May 6, 1931. After qualifying, the receiver served a formal demand that the tenant attorn and pay rent at the reasonable rate of ninety-three cents per square foot for use and occupation. This was the rent reserved in the tenant's lease. The tenant, claiming that a demand to pay for use and occupation necessarily

constituted a breach of the covenant of quiet enjoyment and entitled it to remove without further liability either to the receiver or under its lease, obtained an order requiring the receiver, the plaintiff and the mortgagor to show cause why such relief should not be granted. At the same time the receiver moved for an order requiring the tenant to attorn to him and pay him for use and occupation during the entire pendency of this action. These motions were argued and decided together. The tenant's motion was denied; the receiver's motion was granted; the reasonable value of the rent was fixed at $13,000. Pending this appeal, all proceedings on the part of the receiver were stayed.

Two claims are made by appellant: *First*, that conceding that on the authority of *Fletcher* v. *McKeon* (71 App. Div. 278) it may be required to pay for use and occupation in spite of its prepayment of rent in good faith, the necessary effect of an order requiring it to pay for such use and occupation is to free it from further obligation under its lease; and *second*, that the rule in *Fletcher* v. *McKeon* (*supra*) is not an arbitrary rule to be applied mechanically in every case but rests in the discretion of a court of equity, and should not be applied in the present instance.

The law is settled in this State that after a receiver of the mortgaged premises has been appointed, regardless of any agreement previously made by the landlord, the receiver is entitled to receive, and the occupants are required to pay, the reasonable value of the use and occupation. Even if the tenants have paid the stipulated rent in advance they are required to pay the receiver for the use and occupation of the premises. (*Olive* v. *Levy*, 201 App. Div. 262, 263; *Fletcher* v. *McKeon, supra; Derby* v. *Brandt*, 99 App. Div. 257.) The right of a receiver to receive the reasonable value does not rest in the discretion of the court. By the appointment of a receiver, plaintiff obtains an equitable lien upon the unpaid rents (*Rider* v. *Bagley*, 84 N. Y. 461) or may demand the reasonable value of the use of the premises.

After a foreclosure judgment to which the tenant has been a party, if he has lost his rights under his lease by the judgment, he is privileged after the sale to vacate the premises. The sale constitutes the eviction. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.) If the tenant vacates the premises before the sale, he does so at his own peril.

But where, as in the case at bar, the receiver has elected to disaffirm the lease and has asked for the fixing of the reasonable rental of the premises, and in demanding payment of the sum so fixed by the court is compelling the tenant to pay twice for the privilege of occupying the property, the tenant forthwith has an

option either to pay the reasonable rent or to vacate and surrender possession of the premises to the receiver. (*Sager* v. *Rebdor Realty Corporation,* 230 App. Div. 106, 108.) The tenant, however, is not entitled to a court order in this proceeding releasing it from liability under the lease.

We think that demands by the receiver wholly inconsistent with the lease constitute a complete repudiation of the lease and permit the tenant to vacate before the date of sale. The distinction between *Metropolitan Life Ins. Co.* v. *Childs Co.* (*supra*) and the instant case is to be found in the fact that in the instant case the acts in disaffirmance of the lease have been performed by the receiver on behalf of the mortgagee, whereas, in the *Childs* case the tenant, who had suffered no injury, for its own convenience vacated the premises. The difference is substantial. It would be manifestly unjust to permit a receiver to disaffirm the lease and put new obligations on the tenant without giving the tenant the reciprocal privilege to treat these demands as an interference with his title and equivalent to a constructive eviction.

The order granting the receiver's motion should be modified so as to provide that the tenant shall pay for use and occupation up to and including the date of its removal from the premises, and as so modified affirmed, without costs.

The order denying the defendant appellant's motion should be reversed, and the motion dismissed.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order entered on or about June 4, 1931, reversed and the motion dismissed. Order entered on or about June 11, 1931, modified so as to provide that the tenant shall pay for use and occupation up to and including the date of its removal from the premises, and as so modified affirmed, without costs. Settle order on notice.