KNICKERBOCKER OIL CORPORATION, Respondent, *v.* RICHFIELD OIL CORPORATION OF NEW YORK, Appellant.

Second Department, December 31, 1931.

*George M. Billings* [*Horace R. Lamb* with him on the brief], for the appellant.

*John L. Bernstein* [*Harry Greenspan* with him on the brief], for the respondent.

DAVIS, J. The complaint set up a cause of action for the rental of certain premises for the month of July, 1931. The answer, denying the claim for rent, set forth as a separate defense, in brief, that the defendant had been constructively evicted from the premises and had rescinded the lease and surrendered possession. The counterclaim was to recover the security given by it under the terms of the lease. The plaintiff served a reply, and on the pleadings and affidavits moved for summary judgment. The motion, though opposed, was granted, and this appeal has followed.

On December 2, 1929, the parties entered into an agreement by which the plaintiff leased to the defendant eight parcels of property in the county of Nassau to be used as gasoline stations. The term of the lease was twenty-one years, commencing on January 2, 1930. The annual rental of $40,000 a year, increasing at intervals to $52,000, covered the whole property and no separate rental was fixed for each parcel. This rental was payable in advance in monthly installments on the first day of each month. The lease contained provisions for structural changes and the erection of electrical signs by the tenant, and for an option to purchase. Security was given by the lessee in the form of a promissory note for $46,000. It was further provided that the lessor should have the right and privilege, during the term of the lease, to place additional mortgages on the leased premises by liens superior to the rights of the lessee, under certain conditions as to the maximum thereof. Other provisions are unimportant in respect to the determination of the controversy presented here.

It is conceded that the defendant's possession was undisturbed prior to February, 1931. Whether it was thereafter disturbed is the subject of controversy on this appeal. There were several mortgages on the different parcels prior to the acquisition of title by the plaintiff. About February, 1931, a foreclosure suit was begun on a mortgage for $15,000 on the service station at Freeport, designated in the lease as Parcel No. 4. Default had been made in the payment of the principal of the mortgage in January, 1931. The mortgagor, Wisser Realty Co., Inc., and this plaintiff and defendant were made defendants in that foreclosure action. A judgment of foreclosure and sale was entered on February 18, 1931, and the lessee received notice that the property would be sold on

March twenty-first. However, there was never any sale, and the lessee was notified that the action had been discontinued.

No significance is attached to this first foreclosure action except, as appellant claims, that it apprised it of the risk it ran upon these properties in the development it had undertaken in attempting to build them into its system. It did not at that time attempt to rescind the lease or abandon the property. It did, however, make an investigation and discover that there were fifteen mortgages, aggregating about $250,000, which were liens on the different parcels, of which six were overdue and the period of payment had not been extended.

A second foreclosure action was commenced in June, 1931, on a mortgage for $10,200, which had become due with some accruals of interest on June 11, 1931. This mortgage covered the service station at Cedarhurst, designated in the lease as parcel No. 7. The lessee was joined as a party, and the summons and complaint and an order appointing a receiver of the rents and profits were served on it on June 19, 1931. The lessor was not named as a party, but the relief demanded in the complaint was that all of the defendants be barred and foreclosed of all right and claim to the property. The order appointing the receiver recited that the mortgaged property was insufficient security for the debt, and that the mortgagor was of uncertain responsibility.

On this same day the appellant received a written demand for the rent from the receiver and a certified copy of the order of his appointment. On June twenty-fourth the appellant sent letters to the respondent and receiver stating that it had elected to rescind the lease and surrender the eight parcels and that it had paid the rent due upon the premises until July 1, 1931. It gave notice that its removal would be complete on or before June thirtieth, and demanded of the respondent the $46,000 note it had given as security. It immediately began dismantling the stations and had moved out by June thirtieth.

An order was entered *ex parte*, on June twenty-ninth, vacating the receivership and discharging the receiver. The plaintiff claims that a copy of this order was served on this defendant the same day, the defendant claiming it was not served until July first. We deem the date of service unimportant. The purpose of this order was admittedly to preserve the lease. On July ninth a stipulation discontinuing the foreclosure action was presented to the attorneys for the lessee, which they refused to sign. Thereafter a motion was made for the discontinuance of the action, which was granted on August tenth.

It is upon this state of facts that the defendant justifies its

rescission of the lease and its resistance of the action to compel payment of the July rental. The defendant attempts to state certain questions of fact surviving in the pleadings, but they have no relation to the issue and present no arguable defense. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Barrett* v. *Jacobs*, 255 id. 520.) The only question is one of law as to whether the second foreclosure action constituted a constructive eviction of the lessee and justified it in electing to rescind and surrender possession.

It is contended by the appellant that when default has been made in the condition of a mortgage the mortgagee at once becomes entitled to a foreclosure and a sale of the mortgaged premises; that while the foreclosure suit is pending the court may appoint a receiver of the rents and profits accruing in the meantime if necessary for the security of the mortgage debt (thus anticipating the decree and sale), and may make the decree when obtained relate back to the commencement of the action. On the same principle, it may deem the foreclosure of a mortgage completed as of the time when the mortgagee becomes entitled to it.

There is no doubt that the principle stated is applicable for certain purposes, such as securing the mortgagee in the collection of the mortgage debt, preventing waste, and preserving the equities as appears necessary. (Civ. Prac. Act, § 974, subd. 2; *Hollenbeck* v. *Donnell*, 94 N. Y. 342.) This doctrine is not extended to cover the relations of lessor and lessee; nor does the anticipation of the decree make effective the change of title from the mortgagor to the mortgagee immediately upon the commencement of the action or the appointment of a receiver. There is no constructive eviction of the tenant except under unusual circumstances. A receivership may require the payment of rentals to an officer of the court, but there is no interference with possession prior to the sale. It is settled law that until the mortgage is actually foreclosed the mortgagor is entitled to the possession of the premises, and that leases previously made by the mortgagor are not made void by the appointment of a receiver. (*McDonald* v. *Cohen*, 65 Misc. 489, 490.)

The principle is stated in *Metropolitan Life Ins. Co.* v. *Childs Co.* (230 N. Y. 285, 289): " As a general rule a tenant is liable under his contract of lease until he is evicted. Neither the beginning of an action to foreclose a mortgage superior to his lease in which he is made a defendant, nor the entry of a judgment of foreclosure and sale constitute such an eviction. The sale may never occur. The amount due may be paid by the obligors. The plaintiff may repent. Until the sale actually takes place the tenant remains liable to his landlord on his contract."

The doctrine has been recently restated in *Monro-King & Gremmels R. Corp.* v. *9 Avenue-31 St. Corp.* (233 App. Div. 401): "If the tenant vacates the premises before the sale, he does so at his own peril." In that case, however, the tenant had paid his rent to the landlord long in advance, in good faith, and the receiver had obtained an order requiring the tenant to attorn to him and pay for the use and occupation during the entire pendency of the action. In other words, the tenant would have been compelled to pay twice for the privilege of occupying the premises, and he, therefore, had an option to vacate and surrender possession of the premises to the receiver if he did not wish to pay the sum fixed for reasonable use and occupation.

Where the tenant is made a party to the foreclosure action it is the sale, bringing about a change of title, that causes eviction; before that occurs, the commencement of the action or even the entry of judgment is only an expression of intention, or at most a threat, involving no breach of the contract. It constitutes no irrevocable act upon which the lessee may rely. (*Metropolitan Life Ins. Co.* v. *Childs Co., supra*, 294.) In this case there was no attempt on the part of the receiver to avoid the terms of the lease and assert a claim to the value of the reasonable use and occupation. The rent having been previously paid to the lessor, nothing further was due from the tenant during the month of June. There was no judgment, no sale, and consequently no eviction. In fact, before another installment of rent was due the order appointing the receiver had been vacated and eventually the action was discontinued. There had been no interference with the possession of the tenant under its lease, nor could there have been, under the circumstances, until a sale was had under a judgment of foreclosure. Therefore, there had been no invasion of the defendant's rights, and, even the threat of eviction had gone.

The defendant had no legal justification in its attempted rescission. In dismantling its property and vacating the premises it gambled on the correctness of its legal position, and, as we believe, it has lost.

The order and the judgment entered thereon should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, SCUDDER and DAVIS, JJ.

Order and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements.