DUNCAN T. O'BRIEN, Receiver, Plaintiff, *v.* HARRY BRODY and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District,
November 30, 1932.

*Joseph D. Nunan, Jr.,* for the plaintiff.

*Morris & Stamper,* for the defendants.

EDER, J. I am of the opinion that this motion for summary judgment must be denied because I doubt plaintiff's legal capacity to sue and right to maintain this action, and, obviously, if such be the case, a judgment may not be granted to one who has no legal status to maintain the action.

This action is for *rent* by plaintiff as a receiver in foreclosure, brought upon the *original lease* made between the defendants and their immediate landlord, and is predicated upon the theory that plaintiff, as such receiver, succeeds to all the rights of the landlord.

I am unable to accede to this view. A receiver in foreclosure, as such, is the receiver of the property and not of the landlord; he represents only the rights of the mortgagee under the mortgage. (*New Way Bldg. Co., Inc.,* v. *Taft Bldg. Corp.,* 129 Misc. 170.) Any right of action he may have must be found in the order of his appointment and this usually provides that the tenant in possession shall attorn to him, and in the absence of an attornment he cannot sue. (*Baerlein* v. *Winter,* 103 Misc. 506.) There is no evidence of any attornment here.

The general and proper practice is for the receiver to apply to the court which appointed him to fix the reasonable value of the use and occupation of the premises (*Olive* v. *Levy,* 201 App. Div. 262), which fixation is styled " Occupation rental" (*New Way Case, supra*), and it will then generally be fixed in the sum the tenant agreed to pay under his original agreement of hiring. (*Prudence Co.* v. *160 W. 73d Street Corp.,* 235 App. Div. 543.) The action would then properly be to recover the fair and reasonable value of the use and occupation, not for rent, in the strict sense.

But in any aspect of the case, such a receiver, who is not the assignee of the landlord, and who has not succeeded to his rights in any form, cannot sue upon an agreement made between the tenant and the landlord, to which the receiver is not a party, either as assignee, transferee or successor in any form. There must exist

privity of contract between the receiver and the tenant before any rights under the lease are acquired by him, and, having acquired no rights thereunder, he cannot maintain a suit founded on such agreement. The receiver is suing upon a contract with respect to which he is not a party in any form, and hence he has no legal capacity to sue. Only the real party in interest, or his successor or authorized representative may do so. (Civ. Prac. Act, § 210.) The receiver, therefore, cannot maintain this action and in no aspect is entitled to judgment. Motion for summary judgment denied.