NERWAL REALTY CORPORATION, etc., Plaintiff, *v.* 9 AVENUE-31 STREET CORPORATION and Others, Defendants. CENTRAL SAVINGS BANK IN THE CITY OF NEW YORK and Another, Additional Defendants.

Supreme Court, New York County, February 23, 1935.

*Eidlitz, French & Sullivan* [*Cornelius J. Sullivan* of counsel], for the Nerwel Realty Corporation.

*Curtis, Mallet-Prevost, Colt & Mosle,* for the original plaintiff Monro-King & Gremmels Realty Corporation.

*Alfred T. Davidson,* for the defendant Realty Associates, Inc.

*John J. Bennett, Jr., Attorney-General,* for the defendant State of New York.

*Root, Clark, Buckner & Ballantine* [*Henry J. Friendly* of counsel], for the defendant Sears, Roebuck & Co.

*Platt, Taylor & Walker,* for the Anahman Realty Corporation.

*Pfeiffer & Crames,* for the 9 Avenue-31 Street Corporation.

*Samuel Lax,* receiver.

*Thomas Keogh,* for the receiver.

*Edward V. Loughlin,* referee.

*Bertram L. Kraus,* for John F. Le Beau, Inc.

McGOLDRICK, J. This motion is the aftermath of two previous decisions in this case affirmed in the Appellate Division (*Monro-King & Gremmels Realty Corp.* v. *9 Ave.-31 St. Corp.,* 233 App. Div. 401; 235 id. 775).

There was on the west side of town a loft building. Sears, Roebuck & Co., a responsible tenant, needed space which twelve or thirteen floors of this building would supply. The landlord and the tenant determined that it 'would be to their mutual advantage to enter into a lease for a long term, under which the first installment of rent was for one year in advance. The tenant went into possession, having paid such installment. There was no vestige of fraud. After the tenant had held the property for several months a suit was commenced to foreclose a mortgage to which the lease was subordinate. A receiver was appointed, who qualified. He demanded the value of the use and occupation and threatened to evict upon non-compliance.

When the tenant refused to pay until the year had expired the receiver put his threat into effect, and obtained an order of this court that the tenant must pay or be evicted. That order was modified and affirmed in the Appellate Division. The modification is not here involved. The tenant then accepted the demand as an eviction and vacated. The ouster was accomplished in this wise: It was agreed that the tenant should enter into a new lease for five years with the receiver, with the consent of the court, and the surrender of possession was accepted just prior to the signing thereof. The tenant did not move its property out and then move it back again. That was an unnecessary formality.

The present plaintiff, who succeeded to the rights of the mortgagee, now asks this court to set aside an order requiring the tenant o vacate, to cancel the new lease, and to restore the parties to the *status quo ante.* There is no doubt that in a proper case a court of equity has power to grant such relief. Is this a proper case? These plaintiffs are mechanics' lienors. They derive any right they have either through the owner or the mortgagee. As mere mechanics' lienors they have an interest only in the premises. They have no interest whatsoever in the rents or in the leases.

When an owner mortgages his land he consents (tacitly, as far as this discussion goes) that in a proper case a receiver may be appointed. A tenant may be evicted in a manner which will result in an abrogation of his obligation to pay rent. The mort-

gagee, by the mortgage and order appointing the receiver at his instance, likewise consents to the appointment of the receiver. Thus both parties consent that the property be turned over to the courts to manage. Whatever the court does *bona fide* they agree to ratify. The court acts through its receiver.

It is claimed that the Court of Appeals has held that the court acted here without jurisdiction when it ordered the tenant to vacate or pay. That point is overruled. The order was affirmed in the Appellate Division and has never been reversed. No matter what the law is as to other cases, the law of this case is that the order was right. My disposition here, however, is not based on any such narrow ground. Assuming that the order was wrong, what the court (the receiver) did was to make a demand on the tenant wholly inconsistent with the covenant for quiet possession. When the Court of Appeals states that " the court has no such power " it means that such an order was error.

The mortgagee and the owner had consented that the court administer the property. The court broke the covenant of quiet possession. When the tenant was confronted with a breach of the covenant, it had two options. One was to persuade the court to revoke its breach. In that it failed. The other was to accept the breach. Of that option it was compelled to avail itself. Then it again had two options. It could (1) submit to the demand or (2) consider that the breach was an eviction and accept it as such. This latter it did. That terminated the lease. The tenant rescinded at law for a substantial breach. The tenant and the landlord were then free to negotiate. But the court was still administering, and it closed the negotiation with the tenant.

The case of *Prudence Co.* v. *160 West 73d St. Corp.* (260 N. Y. 205) is not strictly applicable. There the tenant succeeded in persuading the court to abandon the breach. *That* tenant never elected to accept the breach as an eviction.

Whether or not there is an assignment of the rents in the mortgage is not pertinent. The *Prudence Company* case holds that the receiver is entitled only to rents that have not been collected. There was no rent due here for the first year. It had been collected by one entitled so to do. The court will take care of a sharper, as landlord, who leases premises for a long term, with rent payable in advance, and lets the mortgagee take the " empty shell." *Markantonis* v. *Madlan Realty Corp.* (262 N. Y. 354) is authority for a case which may arise in which a wrongful demand by a receiver will constitute an eviction. It seems to me that this is the case.

With full knowledge of the proceedings herein the movant acquired the judgments of the original plaintiff and of most of the mechanics'

lienors, and it seeks here to set aside a settlement order expressly assented to by the original plaintiff and which, after notice to the mechanics' lienors and a consideration of their objections, was authorized by this court and approved by the Appellate Division. Since then the situation has changed in one respect. The Court of Appeals has rendered decisions which it is claimed tend to show that, had the matter not been settled, the tenant would not have been entitled to treat the old lease as terminated by the requirement of payment for use and occupation, for the reason that such payment had been improperly ordered.

Courts are human institutions and, consequently, are subject to the frailties which keep steady company with anything devised by the ingenuity of man. One may well hazard a guess as to a judicial determination in any litigated matter, but not gamble thereon as a certainty. It is reasonably clear here that an impelling consideration for the execution of this judicially authorized new lease, and for the negotiations which brought about an agreement as to its terms and conditions subject to the approval of the court, was the chance that our highest State court might affirm, reverse or modify the then existent law.

Any attempt to place these entries back at the starting line and not handicap one or another would be futile. Mere mathematical calculations of rental charges, of payments made of interest adjustments and the like, would not suffice to meet the demand of equity under the circumstances disclosed. It is difficult to see why such a proposal would not penalize the tenant for a legal squabble not of its own choosing and for which it should not fairly be held responsible.

In addition to all of which it is worthy of note that, upon notice and without any objection on the part of the predecessors of movant, this court approved all of the acts of its receiver down to October 31, 1933.

The point concerning *res adjudicata* by the foreclosure judgment is untenable. That judgment merely holds that any rights which the tenant had prior to the new lease can be cut off by the sale. Movant claims *res adjudicata* as to a fact. To avail of that form of *res adjudicata* the fact must be found. To be found it must be litigated. This type of *res adjudicata* does not extend to matters not litigated. The other type (barring a cause of action) extends to matters which must have been decided to support the judgment. It was unnecessary to pass on what the tenant's rights were. No matter what they were, they would be cut off on the sale. (See *Gugel* v. *Hiscox*, 216 N. Y. 145, 150; *House* v. *Lockwood*, 137 id. 259, 268.)

The motion is denied.