165 WEST FORTY-SIXTH STREET CORPORATION, Plaintiff, *v.* RADIO-KEITH ORPHEUM VAUDEVILLE EXCHANGE, INC., Defendant.*

City Court of New York, New York County, October 16, 1935.

*Henry Goldstein*, for the plaintiff.

*I. E. Lambert*, for the defendant.

SCHIMMEL, J.   This is a motion, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, to strike out for insufficiency three defenses to an action for rent.

The most serious question is presented by the second defense, as the first and third are plainly insufficient.

The lease in suit contains the following clause:

---

* Affd., App. Term, First Dept., N. Y. L. J. Dec. 28, 1935, p. 2642.

" 24th. This lease is subject to all of the terms, covenants and conditions of a lease made, executed and delivered by Trustees of Columbia University, in the City of New York and now owned by the Landlord, dated the 26th day of February, 1924, and recorded in the Register's Office of the County of New York, on the 3rd day of March, 1924, in liber 3406 of conveyances, page 31, and the Landlord agrees to comply with the terms, covenants and conditions of said lease."

Defendant, in its second defense, pleads that the plaintiff failed and omitted to pay the rent and real estate taxes which the latter was, by the underlying or major lease, required to pay, and failed also to keep the leasehold premises in good condition and repair as required by such major lease. Because of this alleged. failure on the part of defendant's landlord, defendant claims to have removed from the demised premises and now pleads constructive eviction as a defense to this action.

Plaintiff's alleged failure to comply with the terms, covenants and conditions of the major lease does not afford defendant adequate ground for claiming a constructive eviction. Defendant's possession was not interfered with in any way, nor even actually threatened. It does not appear that any dispossess proceedings were instituted by the major landlord, much less that they were prosecuted to a final order. Certainly there was no eviction by title paramount.

The covenant of the plaintiff contained in the above-quoted paragraph 24 of the lease, to wit, " The landlord [plaintiff] agrees to comply with the terms, covenants and conditions of said [underlying] lease," is manifestly an independent covenant, and not a condition precedent to the performance of defendant's covenant to pay rent. The covenant is comparable with that passed upon in *Huber* v. *Ryan* (26 Misc. 428), an especially well-considered case, frequently cited with approval.

Furthermore, a threat of eviction by title paramount, even if legal proceedings to bring about such eviction have been instituted and are pending, does not justify the tenant in removing from the demised premises before the occurrence of an irrevocable act cutting off his right to possession. (*Knickerbocker Oil Corp.* v. *Richfield Oil Corp.*, 234 App. Div. 199, and cases therein cited.)

The second defense is, therefore, insufficient, as is also the first defense, which is substantially like the second, except that defendant does not go so far as to plead therein a constructive eviction, or to set forth that it removed from the leasehold premises. In the first defense defendant relies wholly upon the theory that in

view of paragraph 24 of the lease in suit, performance by the plaintiff of its obligations under the major lease to pay rent and real estate taxes, and to keep the leasehold premises in good condition and repair, was a condition precedent to payment by defendant of the rent in suit. We have seen, however, that the plaintiff's covenant contained in said paragraph 24 of the lease is independent of defendant's covenant to pay rent. A breach by the former of its independent covenant is no defense whatsoever to an action for rent.

The third defense, based upon a petition for reorganization pursuant to section 77B of the Federal Bankruptcy Act (U. S. Code, tit. 11, § 207), allegedly filed by plaintiff, requires little consideration. It is not pleaded that the plaintiff does not continue in possession of the leasehold premises and of the chose in action in suit. It does not appear that any trustee of plaintiff's property was appointed in the reorganization proceedings. It is stated in plaintiff's brief that no trustee was appointed. While this fact appears *dehors* the pleadings, the court takes notice thereof because it accounts for the defendant's failure to plead that the claim in suit passed to a trustee. Defendant pleads, however, that " by filing said petition (pursuant to section 77B of the Bankruptcy Act) the plaintiff divested itself of title to the leasehold premises which are the subject of this action with the same force and effect as if the plaintiff had been adjudicated a bankrupt and a trustee of the plaintiff's estate had been appointed, and the plaintiff is not the real party in interest herein." This conclusion of law is, of course, not correct.

Even in the case of an ordinary bankruptcy, the mere filing of a petition and an adjudication in bankruptcy does not bar the bankrupt from prosecuting a chose in action, unless a trustee has been appointed and unless he has elected to take possession of the chose in action. (*Rand* v. *Iowa Central Ry. Company*, 186 N. Y. 58.)

The motion is granted, the first, second and third defenses are stricken from the answer.