671 PROSPECT AVENUE HOLDING CORPORATION, by SAMUEL NEW-
FIELD, Receiver in Bankruptcy, Landlord, *v.* CHATEAU DE LUXE,
INC., Tenant.

Municipal Court of New York, Borough of Bronx, First District,
October 11, 1937.

*Nathan B. Fogelson*, for the receiver in bankruptcy.

*Karl Propper*, for the tenant.

SULLIVAN (DANIEL V.), J.  It is undisputed that for several
years before the landlord was adjudicated an involuntary bankrupt
it did not receive any rent under the lease between the parties,

and the tenant, with the landlord's knowledge, paid directly to the first mortgagee of the premises involved in this proceeding, $250 monthly and, in addition, $1,500 semi-annually. These payments appear to have been made in the interests of the tenant and of the landlord. The testimony is that poor business conditions in 1934 necessitated the arrangement. The tenant benefited thereby as the payments reduced the rent by half, and the landlord benefited too as the payments were made on account of its mortgage indebtedness.

The same individual was the president of the landlord and the president of the tenant. He arranged the method of payment. Whether his acts were approved or ratified by the stockholders or the directors of each corporation does not appear. As president he had the implied power to act for each corporation in a manner that he deemed advantageous to each of them. In making this arrangement it appears that he effectuated a modification of the lease which subsequently ripened into an executed parol agreement and resulted in a satisfaction as each payment was made. There is nothing to show that when this was done the creditors might have suffered a disadvantage. Having assented to the arrangement the landlord appears to be bound thereby as long as it continued.

A payment of $250 was made to the mortgagee on September 1, 1937. On the same day the petition in bankruptcy was filed. The receiver was appointed and qualified the next day. Under the lease the rent was due on the tenth of each month. The receiver contends that this payment was made in advance to prevent him, as the representative of the creditors of the landlord, from collecting $1,000 on September tenth in accordance with the terms of the lease. The record does not support this contention. There is no evidence of a preferential payment made with intent to defraud the creditors of the landlord. Without adequate proof the court may not presume fraud. It appears that this $250 was in fact paid pursuant to the executed oral agreement of the parties. The receiver's position being no better than the landlord's he may not in this proceeding dispossess the tenant for not having paid him $1,000 on September 10, 1937, under the lease.

The authority of *Monro-King & Gremmels Realty Corp.* v. *9 Avenue-31 St. Corp.* (233 App. Div. 401), relied upon by the receiver, seems distinguishable in that the receiver in that foreclosure action elected to disaffirm the lease and demanded the occupational value of the premises, whereas in the instant case the receiver affirms the lease which appears to have been previously modified by the parties thereto.

Final order in favor of the tenant. Exception to the landlord.