THE PRUDENCE COMPANY, Plaintiff, *v.* 160 WEST SEVENTY-THIRD STREET CORPORATION and Others, Defendants, Impleaded with CAROLINE J. GOULD and Others, Appellants.

ARTHUR W. SMITH, Receiver, Respondent.

First Department, June 10, 1932.

*Yorke Allen* of counsel [*Mark, Allin & Tucker,* attorneys], for the appellants.

*Gerard I. Walters* of counsel [*Lynn G. Goodnough,* attorney], for the respondent.

FINCH, P. J. The question presented by this appeal affects the rights of owners of co-operative apartments during the institution and pendency of a foreclosure suit by a prior mortgagee and the appointment of a receiver in such suit. Prior to a sale in foreclosure, is the liability of such owner measured only by his agreement with the owner of the premises in the absence of fraud, or must he pay a rental to be measured by the reasonable value for use and occupation of the space occupied from the time of the appointment of the receiver?

The appellants are twelve co-operative apartment owners in an apartment house. They pay, in accordance with their respective agreements, certain maintenance rates for their apartments. A foreclosure action was commenced, based upon a prior mortgage for $800,000 on the apartment house, and a receiver therein appointed August 27, 1931. Before September first the receiver had qualified, taken possession, notified the tenants of his appointment and demanded payment of the reasonable rental value of the respective apartment space occupied by the tenants, alleging that the so-called maintenance charges which the tenants had been obliged to pay each month amounted to a sum less than the reasonable rental value of the respective apartments.

The court at Special Term, on January 27, 1932, entered an order fixing an increased rental value for each apartment of the respective tenants and making such increases take effect from the preceding September first. The court also made the order mandatory upon the tenants by directing them to attorn to the receiver and to pay the increased rental.

This court and the Appellate Division in the Second Department have heretofore held that a receiver, as above, upon his appointment, may demand and receive a rental based upon the reasonable value of the use and occupation of the premises pending the foreclosure suit, even though no fraud is shown. The tenant then has a reciprocal right to elect to remove or to remain subject to payment of the reasonable rental value when fixed by the court. In *Monro-King & Gremmels Realty Corp.* v. *9 Avenue-31 Street Corp.* (233 App. Div. 401, 403), Mr. Justice TOWNLEY, writing for this court,

said: " But where, as in the case at bar, the receiver has elected to disaffirm the lease and has asked for the fixing of the reasonable rental of the premises, and in demanding payment of the sum so fixed by the court is compelling the tenant to pay twice for the privilege of occupying the property, the tenant forthwith has an option either to pay the reasonable rent or to vacate and surrender possession of the premises to the receiver." (See, also, *Chatham Phenix National Bank & Trust Co.* v. *100 West 55th Street, Inc.,* 234 App. Div. 741; *Fleischer* v. *Terker,* 232 id. 822; *Olive* v. *Levy,* 201 id. 262.)

The Court of Appeals, however, in a recent case (*Klasko Finance Corp.* v. *Belleaire Hotel Corp.,* 257 N. Y. 1, 5), has said that they did not give their assent to the contention of the receiver " * * * that, in the absence of fraud, the lease may be disregarded * * * [prior to being] terminated by a sale under a judgment of foreclosure," citing *Metropolitan Life Ins. Co.* v. *Childs Co.* (230 N. Y. 285, 289). In that case, Judge ANDREWS, writing for a majority of the court, said: " As a general rule a tenant is liable under his contract of lease until he is evicted. Neither the beginning of an action to foreclose a mortgage superior to his lease in which he is made a defendant, nor the entry of a judgment of foreclosure and sale constitute such an eviction. The sale may never occur. The amount due may be paid by the obligors. The plaintiff may repent. Until the sale actually takes place the tenant remains liable to his landlord on his contract. (*Whalin* v. *White,* 25 N. Y. 462; *Mitchell* v. *Bartlett,* 51 N. Y. 447; *Mason* v. *Lenderoth,* 88 App. Div. 38.) "

In view of the above, we hold that the receiver *pendente lite* in the case at bar may only collect such amounts as the tenants are obligated to pay pursuant to their agreements with the owner.

Upon the argument it was conceded that the tenant Brown had settled his differences with the landlord and his appeal was withdrawn.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements to the appellants against the receiver, respondent, and the motion denied, with ten dollars costs.

McAVOY and MARTIN, JJ., concur; SHERMAN, J., concurs in result; TOWNLEY, J., dissents and votes for affirmance.

TOWNLEY, J. (dissenting). The mortgaged premises herein consisted of a fourteen-story elevator apartment building containing 147 apartments. Twenty-three of the apartments had been sold to various persons under a co-operative ownership plan. In accord-

ance with the plans and agreements under which these apartments were sold, the purchasers are required to pay certain fixed charges called " maintenance charges." Such maintenance charges are considerably smaller than the rental value of the respective apartments.

The purchasers, in buying an apartment, occupy a status analogous to that of stockholders in the mortgagor corporation. They are, as called by their own counsel, " co-owners " of the property. The agreement under which they pay maintenance charges is not in any sense a lease made between owner and tenant. Appellant co-owners or their predecessors consented to the making of the mortgage under foreclosure and are estopped from denying the applicability of its terms to themselves. Accordingly, the cases cited in the prevailing opinion having to do with strict leaseholds, have no application.

By analogy to the decision in *Public Bank of New York* v. *London* (159 App. Div. 484) the order should be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements to the appellants against the receiver, respondent, and the motion denied, with ten dollars costs. Settle order on notice.