BANK OF MANHATTAN TRUST COMPANY, as Successor Trustee by Merger to AMERICAN TRUST COMPANY, under a Certain Mortgage or Deed of Trust Made by TWENTY-ONE SIXTY-SIX BROADWAY CORPORATION and THE CORPORATION OF THE MANHATTAN CONGREGATIONAL CHURCH to AMERICAN TRUST COMPANY, as Trustee, Dated March 1, 1928, Plaintiff, v. TWENTY-ONE SIXTY-SIX BROADWAY CORPORATION and Others, Defendants, Impleaded with THE CORPORATION OF THE MANHATTAN CONGREGATIONAL CHURCH, Appellant, and JAMES R. MURPHY, Receiver, Respondent.

BANK OF MANHATTAN TRUST COMPANY, as Successor Trustee by Merger to AMERICAN TRUST COMPANY, under a Certain Mortgage or Deed of Trust Made by TWENTY-ONE SIXTY-SIX BROADWAY CORPORATION and THE CORPORATION OF THE MANHATTAN CONGREGATIONAL CHURCH to AMERICAN TRUST COMFANY, as Trustee, Dated March 1, 1928, Plaintiff, v. TWENTY-ONE SIXTY-SIX BROADWAY CORPORATION and Others, Defendants, Impleaded with EDWARD H. EMETT and Others, Appellants, and JAMES R. MURPHY, Receiver, Respondent.

First Department, March 10, 1933.

*Hardie B. Walmsley* of counsel, for the appellant The Corporation of the Manhattan Congregational Church, · and the appellants Edward H. Emett, Irene Emett and Patrick O'Gara.

*Abraham K. Kaufman* of counsel [*Maurice Deiches* and *Leo W. Schwarz* with him on the brief; *Deiches, Kaufman & Bernson,* attorneys], for the receiver, respondent.

SHERMAN, J.   These appeals may be decided together, despite technical features present in one and absent in the other.   Two orders are here for review.   One of them grants a motion made by the receiver, appointed in this foreclosure suit, and authorizes him to collect rent from appellants Emett and O'Gara and maintain suit therefor against them; the other grants the receiver's motion to fix the rental to be paid by appellant The Corporation of the Manhattan Congregational Church.   The mortgage was executed by the defendant church (the owner of the fee) and by defendant Twenty-one Sixty-six Broadway Corporation, which had previously entered into a lease with the church of the entire premises for a long period of time and had engaged to construct a twenty-five story edifice upon those premises which would contain a church to be occupied by the defendant The Corporation of the Manhattan Congregational Church, free of rent.

The defendant church had surrendered certain space held by it under that lease and the lessee (Twenty-one Sixty-six Corporation) on its part had made a lease of a particular apartment on the fifteenth floor to appellant Emett, the pastor of the church, and his wife, for a term of years at a total rental of ten dollars for the entire term.

Defendant O'Gara is the sexton of the church and occupies rent free a portion of the premises which had been reserved to the church under the original lease.

In October, 1931, the receiver of the rents and profits moved for an order to fix the amount of the occupational rent to be demanded from appellants Emett and O'Gara, and on November 27, 1931, the court fixed Emett's rent at $150 per month and that of O'Gara at $75 per month. Upon a reargument applied for by those appellants, that order was on January 4, 1932, modified by providing that neither appellant need make any payment on account of rent pending the final determination of the foreclosure action and the entry of a final judgment therein, and that in the event that the final judgment decreed that the appellants were not entitled to occupancy free of rent, they were directed to pay at the above-mentioned rate; meanwhile, they were to file a surety company bond for the payment of the rent, which was done.

This last-mentioned order appears to have been entered on the motion of the attorneys for such defendants and to have been consented to by the attorneys for the receiver. No appeal was taken from either of those orders, which were granted at Special Term prior to the decision of this court in *Prudence Co.* v. *160 W. 73d Street Corp.* (235 App. Div. 543), which held in effect that, in the absence of fraud, the rent payable according to the terms of a lease may not be altered by the court upon the application of the temporary receiver, which decision was subsequently affirmed in the Court of Appeals in 260 New York, 205.

The order here for review, upon the appeal of Emett and O'Gara, was entered on December 12, 1932, upon the application of the receiver for instructions. It directs him to proceed against these appellants and upon the above-mentioned bond of the surety company, so as to collect occupational rents now asserted to be due from them, unless a further bond be filed conditioned for payment upon the affirmance of an appeal taken from the final judgment, this motion having been made after the entry of the final judgment of foreclosure. The record now before us, however, while setting forth the final judgment, does not contain the findings upon which the judgment was based, and the affidavit of Emett (conflicting in some respects with the receiver's petition) sets forth that he was present at the trial, that he had read the decision of the court and the findings of fact and conclusions of law, and that no issue was presented as to the right of himself, as pastor, or the right of O'Gara, as sexton, to occupy those premises and that there was no decision or decree entered in relation thereto. Therefore the con-

tingency, upon which liability, if any, to pay the so-called occupational rent was conditioned, may not have happened.

Moreover, since this is a proceeding brought by the receiver, seeking instructions of the court which appointed him, we are not inclined to give a favorable ear to the contention that the law of the case was established by the entry of the prior orders purporting to fix the rent conditionally at an amount different from that which was fixed by the agreement of the tenants. These orders, as above stated, were entered in accordance with a then current practice which under the decision in *Prudence Co.* v. *160 W. 73d Street Corp.* (*supra*) was without warrant in law. At all times the court has power to and should control its receiver's conduct, notwithstanding the entry of prior orders, subsequently found to have been erroneously made. The court should direct the receiver to do only those things which merit its sanction, and under the proof here, we hold that the receiver is not entitled to any rent from these applicants.

The appeal of defendant, The Corporation of the Manhattan Congregational Church, presents a similar question. The receiver had applied for an order to fix the rent to be paid by the church and an appraiser had been appointed under a determination that the rent be fixed, but the motion was subsequently denied by order entered on May 24, 1932, which was affirmed in this court (236 App. Div. 781).

The foreclosure judgment, after a trial, was entered on September 30, 1932, since which date this motion was made.

The order here for review, made after the entry of the final judgment and before sale, assesses the rent of the church at $500 per month, commencing on the date of the judgment, and also directs that until the determination of an appeal, taken from the foreclosure judgment, the church be not required to pay the rent, upon condition that it post a bond to secure such payment.

Until sale under the foreclosure judgment, the rights of the tenant under its lease are not cut off and the terms of its lease are inviolate. (*Prudence Co.* v. *160 W. 73d Street Corp.*, 235 App. Div. 543; affd., 260 N. Y. 205; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 id. 285.)

It follows that the orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motions denied, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

In each action: Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.