3105 GRAND CORP. and LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, as Trustee for Certificate Holders of BMG 180,496, Suing on Their Own Behalf and on Behalf of All Other Similarly Situated Persons, Trustees and Corporations, Respondents, Appellants, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Intervening Plaintiff, Respondent, Appellant, v. THE CITY OF NEW YORK, Respondent, Impleaded with 92–21 UNION HALL STREET, INC., Appellant, and JAMAICA NATIONAL BANK, Defendant.

Second Department, April 29, 1940.

*Henry N. Rapaport* [*Robert S. Garson* with him on the brief], for the appellants 3105 Grand Corp., Lafayette National Bank of Brooklyn in New York and United States Fidelity and Guaranty Company.

*Charles Berlin* [*Harry P. Albert* and *Max Kavenoff* with him on the brief], for the appellant 92–21 Union Hall Street, Inc.

*Hyman W. Kehl* [*William C. Chanler, Corporation Counsel; Arthur A. Segall* with him on the brief], for the respondent City of New York.

CARSWELL, J. It will suffice to state our conclusions without elaborate detail of the facts which evoke them.

The action is in equity to recover certain moneys taken from receivership funds, beneficially owned by the plaintiffs and others similarly situated, to pay taxes on property in another receivership, which payments have operated to the unjust enrichment of the defendant 92–21 Union Hall Street, Inc. After joinder of issue plaintiffs moved for summary judgment under rule 113 of the Rules of Civil Practice, striking out the answers of defendants. The judgment appealed from grants plaintiffs' motion for summary judgment striking out the answer of the defendant 92–21 Union Hall Street, Inc.; directs payment over of $8,923.26 from a fund held in escrow; denies plaintiffs' motion for summary judgment against the defendant City of New York, which received the moneys in payment of certain real estate taxes, and dismisses the complaint as to the City of New York.

The defendant 92–21 Union Hall Street, Inc., appeals from the judgment in so far as it directs the restoration of the moneys devoted to the payment of taxes on property in which that defendant is interested. Plaintiffs appeal from the judgment in so far as it dismisses the complaint as to the defendant City of New York.

Whether or not the moneys, the subject of this action, which were part of the funds of receiverships in which the plaintiffs had a beneficial interest and which were applied to the payment of taxes on property involved in a separate and distinct receivership in which the defendant 92–21 Union Hall Street, Inc., is beneficially interested, should be restored to the receiverships from which they were improperly diverted, is a matter for the summary exercise of the court's power of supervision and control of its officers. Correction, therefore, of such a diversion need not be made the subject of an action; it is a proper subject for summary relief. Money in the possession of a receiver or receivers in foreclosure actions is in *custodia legis*. Supervision and control as to its disposition is a matter for summary direction by the court whenever it is apprised

of an improper diversion of such funds. (53 C. J. §§ 120, 170, pp. 97, 141, and cases cited; *Bank of Manhattan Trust Co.* v. *2166 Broadway Corp.*, 237 App. Div. 734, 737; *Alexander* v. *Valumet Chocolate Co., Inc.*, 240 id. 769.) The principle enforced in these cases is applied in kindred situations. (*Matter of Sheldon*, 173 N. Y. 287; *Matter of Denison*, 114 id. 621.)

The court may act *sua sponte* or upon formal motion. Therefore, when the motion herein was made and the court was apprised of the facts, it should have exercised its summary power to afford the relief imperatively required by the facts brought to its attention. The proceedings on the irregular reference had herein to determine certain facts conclusively establish the diversion of the funds. That reference was had on account of all the parties. On that irregular reference the court was apprised of the details of the diversions of funds and the character of restoration required to protect the interests of those beneficially concerned; and, since it related to the administration of receivership funds, the basis appeared for the making of an order directing the restoration to the Boehle receiverships of the funds improperly applied to the payment of taxes on property in the Faber receivership. The court is apprised that funds are held in escrow to the use of this controversy and those funds are subject to the order of the court in respect of these receiverships which are the subject-matter of this unnecessary equity action.

By exercising its summary power instead of concerning itself with whether it could afford relief in the more cumbersome form of an action, the opportunity is eliminated for recourse to technical, dilatory and obstructive methods or tactics which do not concern the merits.

The prayer for such other and further relief may be acted upon and the complaint treated as a petition and the rest of the record deemed the answers and proof in relation thereto, or the court may be deemed to be acting of its own motion. The title of this action should be amended by adding above the same a statement indicating that the proceedings relate to the matter of specified receiverships in which Faber and Boehle, respectively, were receivers.

The matter is remitted to Special Term for action in accordance with this opinion. It should enter an order directing the turnover, to the extent needed, of the funds held in escrow for the use of the Boehle receiverships, to make good the diversion of funds from them to pay taxes on the properties in the Faber receivership. The Special Term is also directed to ascertain the rights and equities in the funds thus restored of the parties in interest in respect of the Boehle receiverships, including the plaintiffs in this action. It is

further directed to modify, if necessary, upon the factual showing made to it, any prior orders or proceedings in said receiverships to the end that the administrative irregularities in the receiverships may be corrected.

This disposition is made so that summary relief, with a minimum of trouble and expense, may be afforded parties litigant from the consequences of negligent or improper acts of receivers so far as they relate to matters of administration.

The judgment should be reversed on the law and the facts, the complaint and record herein amended so as to constitute them a proceeding for summary relief, and the proceeding remitted to Special Term for action in accordance with this opinion, with costs to abide the event.

The appeal of plaintiffs from so much of the judgment as dismissed their complaint against the City of New York should be dismissed, without costs, as academic.

LAZANSKY, P. J., JOHNSTON and TAYLOR, JJ., concur; HAGARTY, J., not voting.

Judgment reversed on the law and the facts, the complaint and record herein amended so as to constitute them a proceeding for summary relief, and the proceeding remitted to Special Term for action in accordance with the opinion herein, with costs to abide the event.

Plaintiffs' appeal from so much of the judgment as dismissed their complaint against the City of New York is dismissed as academic, without costs.