3105 GRAND CORP. and LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, as Trustee for Certificate Holders of BMG 180,496, Suing on Their Own Behalf and on Behalf of All Other Similarly Situated Persons, Trustees and Corporations, Respondents, Appellants, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Intervening Plaintiff, Respondent, Appellant, *v.* THE CITY OF NEW YORK, Respondent, Impleaded with 92–21 UNION HALL STREET, INC., Appellant, and JAMAICA NATIONAL BANK, Defendant.

Second Department, May 12, 1941.

*Henry N. Rapaport* [*Robert S. Garson* with him on the brief], for the respondents, appellants, 3105 Grand Corp., Lafayette National Bank of Brooklyn in New York and United States Fidelity and Guaranty Company.

*Max Kavenoff*, for the appellant 92–21 Union Hall Street, Inc.

*Hyman W. Kehl* [*William C. Chanler, Corporation Counsel; Arthur A. Segall* with him on the brief], for the respondent City of New York.

PER CURIAM. On the original argument the record disclosed that there was a fund in existence from which payments might be directed to be made. It now appears, and on this reargument both sides concede, that these statements in the record were not in accord with the facts and that there is no fund or sum of money held in escrow. While the existence of such a fund is not indispensable to the maintenance of a summary proceeding to attain the objective of the plaintiffs herein — to be made whole for moneys belonging to them that had been diverted by a receiver in a foreclosure action to the purposes of another foreclosure action — it seems expedient to leave undisturbed in this particular instance the irregular procedure herein which grows out of the consents of the parties. When this action was prosecuted and a motion for summary judgment was made, the parties had recourse to wholly unauthorized procedure. The court indulged the parties and permitted them to try out on a reference an ostensible issue of fact, holding the motion for summary judgment in abeyance pending the determination of that fact. This should not have been done. Parties may make their own procedure by consent but the court should not permit them to indulge in procedure by consent that is wholly inconsistent with the procedure prescribed by the Civil Practice Act, and the rules thereunder and which gives an unwarranted preference. It was in part because of the irregularity of the procedure in first seeking relief by way of an action and then having a trial of issues of fact on a motion for summary judgment that this court deemed a reversal was in order, to the end that the parties might pursue orderly procedure. However, further confusion has arisen because coupled with these irregularities there have been certain inaccuracies (noted above) in the record on which this court assumed to act. It is, therefore, now deemed expedient to act upon still further consent of the parties that there be a reargument and on such reargument, without further hearings, that a determination be had, free from the uncontradicted misleading declarations in the record of the existence of a fund from which the plaintiffs might be made whole. Therefore, without retracting that the proper procedure in the situation at bar should be as indicated by the original opinion filed in this case (259 App. Div. 354), we conclude that in the interests of justice, in this particular situation, we should overlook the irregular practice of the parties and determine the issues presented on the merits.

Accordingly, since under the undisputed facts, divorced from the misleading representation of fact that a fund existed, the plaintiffs were entitled to prevail, the judgment should be affirmed, with one bill of ten dollars costs and disbursements payable to defendant The City of New York by the plaintiffs and the intervening plaintiff, and with one bill of ten dollars costs and disbursements payable to the plaintiffs and the intervening plaintiff by defendant 92–21 Union Hall Street, Inc.

In view of the foregoing, the original decision herein (259 App. Div. 354) and the order entered thereon should be vacated and annulled.

LAZANSKY, P. J., CARSWELL, JOHNSTON and TAYLOR, JJ., concur; HAGARTY, J., not voting.

On reargument, judgment unanimously affirmed, with one bill of ten dollars costs and disbursements payable to defendant The City of New York by plaintiffs and the intervening plaintiff, and with one bill of ten dollars costs and disbursements payable to plaintiffs and the intervening plaintiff by defendant 92–21 Union Hall Street, Inc.

In view of the foregoing, the original decision herein (259 App. Div. 354) and the order entered thereon are vacated and annulled.