STELLES MARKANTONIS et al., Respondents, *v.* MADLAN REALTY CORPORATION et al., Defendants, and MAYLAYNE CORPORATION, Appellant.

MAYLAYNE CORPORATION, Appellant, *v.* STELLES MARKANTONIS et al., Respondents.

(Argued April 27, 1933; decided July 11, 1933.)

356

*Alexander S. Andrews* for appellant.

*Jay Leo Rothschild* and *A. Arthur Giden* for respondents.

LEHMAN, J. The plaintiffs in the first entitled action leased part of a building which was mortgaged to the Union Dime Savings Bank. The lease, by its terms, would expire in 1937. In April, 1932, the mortgagee brought an action to foreclose the mortgage. The plaintiffs were not parties to that action. A receiver was appointed, and upon his motion the plaintiffs were directed to attorn to him and to pay him a reasonable " rental per month for the use and occupation " of the premises. The tenants upon that application filed an affidavit stating that they had deposited with the landlord $25,000 to be held as security under the lease, and that their business had so decreased that they could not pay the

stipulated rental which was more than the " occupational value " of the premises. The affidavit states " we concede that by Rule 175 of the C. P. A. we may be compelled to attorn to the Receiver and to pay the reasonable value of the premises," but the tenants urged that the reasonable compensation to be paid for use and occupation should be fixed at $1,000 per month, or a little less than one-half the rental, and that since the application of the receiver constituted a disaffirmance of the lease, the security deposited should be repaid to them. An order was thereupon entered fixing the reasonable value of the use and occupation of the premises at the sum of $1,000 per month, as suggested by the tenants, and directing the tenants to pay this sum to the receiver as occupational rent. Promptly thereafter the tenants obtained leave to bring an action against the receiver " to determine the Receiver's rights in and to the sum of $25,000 deposited as security." The parties defendant in that action were the receiver, the mortgagor, the mortgagee and a surety of the lessor. No others had any interest at that time in the deposit. Before judgment was entered in that action, a judgment of foreclosure and sale was entered in the foreclosure action, and a sale was had. The mortgagee Union Dime Savings Bank purchased the premises at that sale, and then conveyed the premises to Maylayne Corporation. The purchaser then sought to intervene in the action for the determination of the tenants' right to the security. Its motion was denied. Then the purchaser brought a second action for rent under the lease against the tenants and for the delivery to it of the security.

Unless there has been some prior adjudication, binding upon the Maylayne Corporation, that the tenants' lease is at an end, it seems clear that the Maylayne Corporation is entitled to enforce the provisions of the lease. The tenants were not parties to the foreclosure action. The sale could not terminate their lease. The purchaser

at a foreclosure sale purchases all the right, interest and title of the mortgagor in the foreclosed premises, with all the mortgagor's rights against tenants under leases which have not been terminated by foreclosure and sale. The tenants still remain liable for rent and the purchaser may maintain an action for such rent. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.)

A receiver appointed in a foreclosure action is entitled to receive all the rents and profits, which are an incident to ownership of the property, in advance of and pending a judgment by the court in the foreclosure action and a sale which transfers ownership to the purchaser. The court cannot, however, pending such transfer of ownership terminate the rights of the mortgagor under leases made by him, or the rights of tenants to the use and occupancy of the premises for a stipulated rental, so long as their lessor's title has not been divested. That is true even where the tenants are parties to the action. (*Prudence Co.* v. *160 W. 73d St. Corp.*, 260 N. Y. 205.) *A fortiori* that is true where the tenants are not parties to the action.

At the time when the receiver applied to the court for an order to compel the tenants to attorn to and to pay him an occupational rent, the law on these points was not entirely clear. At Special Term, in accordance with a multitude of decisions in intermediate courts, orders were made compelling a tenant to pay " occupational rent " to a receiver where the tenant had paid a stipulated rental in advance or where the stipulated rental was less than the reasonable value of the use and occupation of the premises. We had indicated in *Klasko Finance Corp.* v. *Belleaire Hotel Corp.* (257 N. Y. 1, 4) that we did not approve these decisions, and in *Prudence Co.* v. *160 W. 73d St. Corp.* (235 App. Div. 543; affd., *supra*) the Appellate Division accordingly held that, in spite of earlier precedents in that court, a person in possession of the mortgaged premises or part thereof under a contract made

with the mortgagor could not be compelled to pay for such use and occupation any sum other than that stipulated in the contract. That decision was rendered within two weeks after the order made by Special Term in the present litigation, but no appeal was taken from that order.

Even so, the order was not conclusive upon any persons who were not parties to the application of the receiver. Certainly the receiver did not represent the landlord-mortgagor, and the landlord-mortgagor was not a party to that application. It had no right to be heard upon it, and could not take an appeal therefrom, and the court did not have any jurisdiction over a lease made by it. At least as to it the order requiring the tenants to pay an occupational rent was void. Therefore, even assuming that the application of the receiver constituted an attempt to disaffirm, the order of Special Term granting such application could not, as against the landlord, make such attempted disaffirmance valid.

In truth, however, I can see no ground for holding that even if the order were conclusive upon the landlord, it would constitute a disaffirmance of the lease. So far I have assumed both that the court had no power under our decision in the *Prudence Company* case to make an order fixing an occupational rent, and also that the application of the receiver and the order of the Special Term constituted a disaffirmance of the lease, in so far as that order was binding upon the parties to the application. I find no basis for either assumption. Even under our decision in the *Prudence Company* case the receiver would be entitled to the rents and profits which were an incident to ownership of the premises. We held only that a receiver could not require a person in occupation of the premises to pay to him any sum either for rent or for use and occupation, beyond such sums as were in their nature rents and profits of the premises to which the owner would have been entitled. It may be that where a tenant is required to pay for use and occupa-

tion a sum beyond the rents reserved in the lease to him, " the necessary effect of an order requiring it to pay for such use and occupation is to free it from further obligation under its lease " and constitutes a disaffirmance of the lease. (*Monro-King and Gremmels Realty Corp.* v. *9 Avenue-31 Street Corp.*, 233 App. Div. 401, 403.) That is not the case here, for the receiver has merely asked that the tenant be compelled to vacate the premises or to pay the reasonable value of the use and occupation of the premises, not exceeding the rent fixed in the lease, and the order permitted the continued occupation by the tenant of such premises for a sum less than one-half of the reserve rent. Here nothing has been done, or even attempted, which deprives the tenants of any rights which they possessed under the lease. Their right to occupation under the lease was recognized and they were required to pay for that use and occupation, but during the pendency of the action a favor was extended to them permitting them to remain in occupation for a sum less than the amount fixed in the lease. The sale under foreclosure judgment did not terminate leases made to tenants who were not parties to the foreclosure action, and the purchaser at such sale acquired the title and ownership previously vested in the mortgagor, including the same right to enforce the lease which the mortgagor previously had. (*Metropolitan Life Ins. Co.* v. *Childs Co., supra.*)

That, however, does not in itself determine the questions which the parties seek to present upon the present appeals. The courts below have rested their decision that the purchaser at the foreclosure sale acquired no rights under the lease, rather upon the adjudication that the lease was at an end, made in the action brought by the tenants for the recovery of the deposit under the lease, than upon the force and effect of the order made upon the application of the receiver appointed in the foreclosure action. Both mortgagor and mortgagee were

parties to the action for the return of the security, and the judgment for the return of the deposit is, as to them, a conclusive adjudication, even though erroneous, that the lease was terminated. The question, then, is whether that adjudication is binding upon the Maylayne Corporation. Consideration of that question requires a careful analysis of the proceedings in that action. If the judgment in that action had been entered before the sale in the foreclosure action, I assume that Maylayne Corporation would never have acquired any rights to the deposit. Though no *lis pendens* was filed in the action for the deposit, a judgment that no valid lease was subsisting would have been binding upon the purchaser, at a subsequent foreclosure sale, at least where, as in this case, the purchaser was the mortgagee, and a party to the prior adjudication. The difficulty is that no judgment was entered in the action for the deposit at the time when the sale was held under a judgment of foreclosure which occurred on August 9th. Prior thereto, on July 26th, a motion was made by the tenants to strike out the answer of the mortgagee on the ground that there was no real defense to the complaint, and that motion was granted on the consent of the mortgagee and an order was entered on August 9th, the date of the sale. At the time the motion was made the mortgagee had no right to the deposit. It acquired that right, if at all, only by the subsequent purchase on the foreclosure sale. When the mortgagee purchased the property at the foreclosure sale, it acquired the title of the mortgagor, and the order striking out the answer of the mortgagee could certainly not affect the title of the mortgagor. On July 28th a similar motion had been made against the mortgagor, but that motion was granted only on August 18th, six days after the mortgagee had received a deed of the property. On August 18th the mortgagor had no right to the deposit; that had passed to the purchaser, and, therefore, the order striking out the mortgagor's

defense to the action for the deposit could not affect the title of the purchaser of the premises. On September 1st the Maylayne Corporation purchased the premises from the Union Dime Savings Bank and promptly moved to intervene in the action for the deposit, in which no judgment had at that time been entered. Maylayne Corporation was the only person then entitled to the deposit. There had been then no adjudication binding upon it that the lease was terminated, but a motion to intervene in an action is from its nature not a special proceeding but a step in a pending action and an order granting or denying such a motion is not appealable to this court without permission of the Appellate Division.

When Maylayne Corporation brought an independent action for rent and for the deposit given under the lease, a judgment had been entered adjudicating that the lease was at an end. Since, however, Maylayne Corporation was not bound by that adjudication, we can find no valid reason for the dismissal of the complaint. The courts below seem to have assumed that the purchaser at a foreclosure sale acquires the title of the mortgagee, and that since the mortgagee had consented to the entry of an order striking out its answer in the action for a deposit, the mortgagee could not by buying in the property at the foreclosure sale obtain any rights under the lease. That does not follow, for the mortgagee acquired the title of the mortgagor when it bought in the property, and since the mortgagor at that time had a right to enforce the lease the mortgagee acquired the same right and transferred it to Maylayne Corporation. It follows that the appeal from the order denying leave to intervene should be dismissed with costs, and the orders affirming the dismissal of the complaint and the denial of a motion for an injunction *pendente lite* should be reversed with costs in all courts. The certified questions should be answered in the affirmative.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.