BERNARD L. TOUROFF, Plaintiff, *v.* JOHN K. WEEKS, Defendant.

City Court of New York, New York County, March 26, 1935.

*George L. Allin* [*Donald Bourne* of counsel], for the plaintiff, receiver.

*Clark, Carr & Ellis* [*Paul Austin Crouch* of counsel], for the defendant, former tenant.

*Clifford C. Roberts* [*Sydney S. Jalkut* of counsel], for the Seventy-fourth Street Apartment Corporation.

MADIGAN, J.   May a receiver of rents, under the circumstances of this case, have judgment against a former tenant for amounts which the tenant agreed to pay, but failed to pay, as rent?

Plaintiff is a receiver of rents, in actions to foreclose mortgages on improved real property.   The improvement is an apartment house.

The defendant here, John K. Weeks, held an apartment under a written lease dated April 18, 1930.   The term ran from October 1, 1930, to September 30, 1933.   At the expiration of that term Weeks vacated the apartment, not having paid installments of rent which fell due at different times between April, 1933, and September, 1933.

From March 15, 1932, there had been defaults in the payment of interest secured by a second mortgage and in the payment of interest secured by a third mortgage.   As to the first mortgage there was no default until January 1, 1934.

The apartment was leased to Weeks by Seventy-fourth Street Apartment Corporation, which still retained title to and possession of the realty when the foreclosure actions were instituted.

Plaintiff was appointed receiver on April 24, 1934, in an action to foreclose the third mortgage.   On April 27, 1934, the receivership was extended to an action to foreclose the second mortgage. On May 1, 1934, it was extended to an action to foreclose the first mortgage.

Each mortgage provides that, in the event of default in the payment of principal or interest secured by the mortgage, the " rents and profits are hereby assigned " to the holder of the mortgage as further security.

Seventy-fourth Street Apartment Corporation has always claimed the amounts for which plaintiff is seeking judgment.

This discussion is to be understood as relating solely to what is involved.   Accordingly, the assignment of rent clause will be considered only as to its effect (1) after default in paying mortgage interest (2) on amounts which came due as rent subsequent to such default.   Whether it would make any difference if the amounts, for which judgment is sought, came due prior to such a default will not be considered.

Plaintiff can take the position that the amounts referred to in the complaint came due as rent after default in paying mortgage interest, for he continues to be a receiver on behalf of the holder of each of the mortgages mentioned above, to the extent that what he might not take as receiver for the holder of the first mortgage he nevertheless might take as receiver for the holder of one of the other mortgages.   The court which appointed the receiver, and not this court, will determine to whom he should pay or turn over whatever he may acquire as the result of this action.

The words " are hereby assigned " must be noted in the assignment of rent clause. Those words suggest that the clause has some effect from the time of default.

In *New York Life Ins. Co.* v. *Fulton Development Corp.* (265 N. Y. 348), " The mortgage contained the usual clause assigning the rents of the mortgaged premises to the mortgagee as further security in the event of any default " (p. 350); and what is said in the opinion indicates that, in the present case, when the amounts, for which plaintiff here seeks judgment, became due from Weeks as rent, they were subject to an " equitable claim " (p. 351) in favor, at least, of the mortgage holders to whom accrued interest remained unpaid. The case cited also indicates that judgment must be granted to plaintiff here unless Seventy-fourth Street Apartment Corporation is, so far as concerns the amounts owing by Weeks, to be relieved from the effect of the assignment of rent clause, on the score that Weeks' term expired and he moved from the apartment prior to the appointment of a receiver of rents.

As indicated above, after March 15, 1932, from which date there were defaults in paying mortgage interest, rents to come due were subject to an " equitable claim." Between a mortgage holder, to whom interest remained due and unpaid, and Weeks' landlord, apparently no change in equities was brought about through the expiration of Weeks' term and his moving away. The " equitable claim " is a right to take against a landlord to whom rent may become payable. In considering the equities of the situation it should be remembered that the amounts owing from Weeks are properly to be regarded as proceeds of the mortgaged realty, and that they are still due to this very landlord which was in possession with title to the fee when the foreclosure actions were commenced. Such holder of the fee title neither collected nor disposed of the claims against Weeks for the amounts he failed to pay to it under the lease to him. There seems to be no ground for holding same no longer subject to the effect which the assignment of rent clause had after default in paying interest.

It is argued that, had Seventy-fourth Street Apartment Corporation conveyed the property, at a time subsequent to September, 1933, and prior to commencement of any of the foreclosure actions, the grantee would not take the claims against Weeks unless they were specifically assigned to the grantee. That argument assumes that no effect is to be given to the assignment of rent clause after default and prior to the appointment of a receiver. That an effect must be given said clause, after default and prior to receivership, is the conclusion reached here, the reasons therefor being indicated above. That conclusion also renders it futile to emphasize the fact that the

receiver of rents is not a receiver of all the assets of Seventy-fourth Street Corporation or to urge that, after the tenant's term expired and he vacated, he could not attorn; for this receiver of rents, under the circumstances here, must, pursuant to the order appointing him, be given the standing of an assignee of the claims against Weeks.

The receiver was authorized and directed to collect from " the tenants in possession " " and from all persons liable therefor " " all rents now due and unpaid." Counsel for defendant insists that the order does not refer to amounts due from former tenants whose terms have expired and who are no longer in possession. But it is to be borne in mind that the Supreme Court, appointing a receiver of rents in a foreclosure action, acts for the protection of the mortgage holder and affords him all the protection and security it can. It is not to be supposed that the court would defeat in part the ends and purposes of the receivership. The meaning and effect of the order must be understood in the light of the rights of the mortgage holder unless there is manifested, in a particular instance, an intent, on the part of the court making the order, to withhold some power from its receiver. Therefore, it will be seen that the question as to the effect here of what is expressed in the order made by the Supreme Court is no different from the main question in this case.

Counsel arguing against plaintiff quote, from an opinion in the Court of Appeals, the following: " A receiver appointed in a foreclosure action is entitled to receive all the rents and profits, which are an incident to ownership of the property." (*Markantonis* v. *Madlan Realty Corp.*, 262 N. Y. 354, 359.) In the present instances, however, it is not necessary to inquire as to the authority a court of chancery might give to this receiver were there no clause assigning the rents in the event of default. If that clause adds nothing, it might as well be omitted from mortgage forms.

Judgment for plaintiff. Settle order; the amount of interest to be fixed.