BERNARD KATZEN, as Receiver of Rents, etc., Plaintiff, *v.* EIGHT-TWENTY PARK AVENUE CORPORATION, Defendant.*

Supreme Court, Special Term, New York County, April 28, 1941.

*Alfred W. Bergren [Frank E. Sprower* of counsel], for the plaintiff.

*Jacob L. Holtzman,* for the defendant.

WASSERVOGEL, J. The gravamen of plaintiff's amended complaint is that defendant accepted a surrender of a lease made by defendant mortgagor with a tenant, which lease would otherwise have been in effect when the plaintiff-receiver herein was appointed by reason of a default in the payment of interest due under the terms of the mortgage It is alleged in the complaint and admitted in the answer, that defendant received $11,500 for releasing the representative of the lessee from all liability under the lease, and

---

* Affd., 262 App. Div. 838.

that at the time this was done defendant was in default under the terms of the mortgage and extensions thereof because of its failure to pay the interest due thereon. It is also alleged and admitted that the mortgage and extension agreements contained provisions for the acceleration of the due date of the principal of the mortgage, in the event of a default thereunder, and for an assignment of the rents as further security for the payment of the indebtedness. Plaintiff does not charge defendant with fraud or bad faith, nor is it claimed that the mortgaged premises are not worth at least as much as the amount of the mortgage. Plaintiff contends in paragraph " Tenth " of the amended complaint that " the alleged cancellation and surrender of the said lease and the collection of said sum of Eleven thousand five hundred Dollars ($11,500) by the defendant Eight-Twenty Park Avenue Corporation as hereinafter set forth did actually defeat and impair the right of the plaintiff to collect rents which would have become due to plaintiff during the period of his receivership * * * and that by accepting the surrender of said lease did actually breach the pledge of the rents of the premises made by it."

I do not agree with this contention. A provision in a mortgage assigning the rents and profits as further security upon a default is of no effect until there is an actual entry by the mortgagee or until a receiver has been appointed. ( *New York Life Ins. Co.* v. *Fulton Development Corp.*, 265 N. Y. 348.) In the absence of fraud the agreement made by defendant with the tenant was conclusive on the receiver. ( *Prudence Co.* v. *160 W. 73d St. Corp.*, 260 N. Y. 205.) In the instant case it appears that the premises were vacated and there was nothing to prevent the receiver from reletting them. It is alleged that there was a complete termination of the lease and it is not claimed that rents were paid in advance and that the tenant continued to occupy the premises. The facts in the case of *Metropolitan Life Ins. Co.* v. *Ten Park Ave. Corp.* (266 N. Y. 416) or *Bank of Manhattan Trust Co.* v. *571 Park Ave. Corp.* (263 id. 57), relied upon by plaintiff, are not analogous to the facts pleaded in the complaint herein. Motion denied. Settle order.