COLTER REALTY, INC., Plaintiff, *v.* PRIMER REALTY CORP. and Others, Defendants, Impleaded with WILLIAM ABBOTT, Respondent.

CLEMENCE KAHN, as Receiver of the Rents, Issues and Profits of the Mortgaged Premises, Appellant.

First Department, May 29, 1941.

*Martin Gottlieb* of counsel [*Fireman & Fireman,* attorneys], for the receiver-appellant.

*Jesse Perlmutter* of counsel [*Fred Baum* with him on the brief, attorney], for the respondent.

CALLAHAN, J. The Primer Realty Corp. was the owner of an apartment house known as 1072 Grant avenue, New York city. Said property was incumbered by three mortgages. The second and third mortgages were assigned to plaintiff and consolidated by agreement of the parties on October 22, 1940. The consolidation agreement was duly recorded October 23, 1940. Attached thereto was an agreement of rent assignment whereby Primer Realty Corp. assigned to the mortgagee all rents then due or thereafter to become due from all tenants and lessees of all parts of the premises. This agreement provided that in the event of default, the assignment would become immediately operative and the plaintiff could enter into possession of the premises.

William Abbott was the tenant in an apartment in said building under a lease which was entered into on September 4, 1940. This lease provided for the payment of seventy-five dollars a month in advance on the first day of each month, and was to run until September, 1941. The lease contained a subordination clause and there appears to be no dispute but that said clause made the lease subordinate to plaintiff's mortgage.

The mortgage provided that the mortgagee might apply for the appointment of a receiver in any action brought to foreclose it.

On November 4, 1940, when there were eight monthly installments of rent unpaid under his lease, Abbott entered into an agreement with the president of defendant mortgagor wherein he paid the sum of $525 which was equal to seven months' rent, and received a receipt for the eight months remaining under the term.

The receiver was appointed in March, 1941. Shortly after his appointment, he moved at Special Term for an order directing William Abbott to pay him the sum of seventy-five dollars a month as the reasonable value of his apartment. This motion was denied and the receiver appeals. The issue presented is whether the receiver is bound by the agreement of November 4, 1940, whereby the monthly installments of rent due under the lease between Abbott and his landlord, the mortgagor, were anticipated or paid in advance. Special Term held that the application did not present sufficient proof of any collusion or wrongful conduct as to the payments made, and denied the motion on the authority of *Prudence Co.* v. *160 West 73rd St. Corp.* (260 N. Y. 205).

There are circumstances disclosed in the record which show that the $525 was paid with knowledge that the landlord-mortgagor was in financial difficulties.

The building was a new one when the lease was made, and Abbott concedes that he knew that the mortgagor had difficulty in completing the building in time. He states that the mortgagor had

suffered financial losses, was embarrassed financially, and admits that it was because of this financial situation that the landlord-mortgagor asked Abbott and other tenants to pay the rent in advance.

Abbott also knew his lease was subject and subordinate to plaintiff's mortgage. He had constructive notice that rents had been assigned to the mortgagee. We think that the circumstances warranted a finding that Abbott knew that default under plaintiff's mortgage was at least a danger that might be reasonably anticipated, and that Abbott was chargeable with notice of the rights of the plaintiff to the rents in the event such foreclosure took place.

We realize that plaintiff's mortgage was merely a lien on the premises, and that title to the property remained in the mortgagor until a sale in foreclosure took place. Under the circumstances the lease between Abbott and the mortgagor was effective until it was wiped out by a sale in foreclosure, even though such lease was subordinate in lien to the mortgage. (*Prudence Co.* v. *160 West 73rd St. Corp., supra.*) In the *Prudence Co.* case (*supra*), however, the Court of Appeals pointed out that it did not by its decision intend to indicate that an order appointing a receiver might be frustrated by a collusive or fraudulent lease for an inadequate rental, or by an advance payment of rent in anticipation of foreclosure action.

Abbott contends that the prepayment of rent which he agreed to was merely a modification of his lease made in good faith, and that his lease is controlling in the absence of actual fraud or collusion.

While we think that the circumstances here warrant a finding that the agreement was made in anticipation of a possible foreclosure, we do not think it was necessary that actual fraud be established.

In *Bank of Manhattan Trust Co.* v. *571 Park Ave. Corp.* (263 N. Y. 57) a mortgagor entered into an agreement with a creditor permitting the latter to use one of the apartments in the mortgaged premises, or to sublet the same, and to credit the amount thus obtained against a debt owed by the mortgagor to its creditor. The Court of Appeals, while affirming its ruling in the *Prudence Co.* case (*supra*) to the effect that a receiver could not require a tenant in occupation of premises under a lease to pay any sum for use and occupation beyond the sum which the lease called for, pointed out that it had not intended by its earlier decision to hold that the mortgagor's agreement was conclusive upon the mortgagee where such agreements were in contravention of the express covenants and the necessary implications of a recorded mortgage prior in lien. The court held that where a mortgagor's agreement is made surrendering the right to receive rent for the mortgaged

premises, or for the assignment of rents collectible therefrom, it was an impairment of the lien of the mortgage upon the rent. The court also held that it was not necessary to find collusion in the making of such an arrangement; that it was beyond the power of the parties to appropriate the pledged rents to a different indebtedness, or defeat the pledge by leasing the premises rent free. Where the rents are expressly made security for the mortgage indebtedness in the event of default, the scope of the contract which the mortgagor or its successor might make is necessarily limited to that extent, and a pledge of the rents cannot be rendered worthless by an assignment of rents to be received, or by a contract doing away with the right to collect rent.

We think that the circumstances in the present case indicate an agreement to defeat the pledge of the rents by an arrangement which, in form, was in anticipation of the monthly installments of rent, but in fact was a surrender of the right to collect rent for eight months, the purpose of which agreement was to render worthless the pledge, of which pledge the tenant had notice. This is not a case where a tenant, upon the request of a landlord, merely paid a monthly installment of rent in advance of its due date, without reasonable notice that the arrangement being made might interfere with a mortgagee's rights.

The order should be reversed, without costs, and the motion granted.

Martin, P. J., O'Malley and Glennon, JJ., concur; Cohn, J., dissents and votes to affirm.

Order reversed, without costs, and the motion granted. Settle order on notice.