BANK FOR SAVINGS IN THE CITY OF NEW YORK, Plaintiff, *v.* SHENK REALTY & CONSTRUCTION Co., et al., Defendants.

GINO PAGGI, Appellant; MAX HERBST, as Receiver, Respondent.

First Department, October 30, 1942.

*George J. Malinsky* of counsel (*Moses M. Weinstein,* attorney), for tenant-appellant.

*Richard T. Herrmann* of counsel (*Cadwalader, Wickersham & Taft,* substituted attorneys), for receiver-respondent.

Cohn, J. Plaintiff brought this action to foreclose a mortgage for non-payment of interest due November 15, 1941, and for taxes which it had advanced. A receiver to collect the rents and profits appointed in the action on March 14, 1942, made a demand upon appellant, a tenant in the mortgaged premises, for seventy-five dollars for the period from March 14, 1942, to April 13, 1942. This demand was refused, appellant claiming that he had paid all rent due until September 30, 1942.

A motion was thereupon made at Special Term by the receiver, respondent herein, for an order directing appellant to pay to the receiver the sum of seventy-five dollars per month commencing March 14, 1942, as the reasonable value of the portion of the premises occupied by appellant. The application having been granted, appellant has appealed to this court.

It is undisputed that on January 27, 1941, the appellant entered into a lease with the owner-mortgagor for a term commencing March 1, 1941, and ending September 30, 1942, at a gross rental of $1,390, payable at the time of the making of the lease. The agreement specifically provided that for the convenience of the tenant, payments of equal monthly installments of seventy dollars might be made from March 1, 1941, to September 30, 1941, and equal monthly installments of seventy-five dollars thereafter. There was a further provision that: "Landlord agrees to accept the sum of $840.00 in full for rent for the period from October 1, 1941 to September 30, 1942 instead of the sum of $900.00 as called for in this lease providing this amount is paid in full in advance on the 1st day of October, 1941."

On October 1, 1941, the appellant paid $840, as advance rent for the period from October 1, 1941, until September 30, 1942, pursuant to the terms of the lease.

The receiver makes no claim of fraud or collusion in the execution of the lease between landlord and tenant, nor is there any showing that the agreement was made in anticipation of a foreclosure action. The agreement being *bona fide*, it is valid and binding until terminated by a sale under a judgment of foreclosure. (*Prudence Co.* v. *160 W. 73d St. Corp.*, 260 N.Y. 205; *Haupt* v. *Britt*, 34 N. Y. Supp. [2d] 640 [not officially reported].) In the circumstances, the court may not require appellant to pay to the receiver any sum either for rent or for use and occupation beyond such sums as were in their nature rents and profits of the premises to which the owner would have been entitled. (*Markantonis* v. *Madlan Realty Corp.*, 262 N. Y. 354.) Here the owner would not have been entitled to receive from the appellant any sum for the period involved since the rents reserved in the lease had been fully paid to it by appellant.

The order should accordingly be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P.J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed with twenty dollars costs and disbursements and the motion denied.