John L. Flynn, J.
This is an application by the receiver of rents in a foreclosure action for an order compelling tenants to attorn. This relief is sought against a lessee, said to be out of possession, against a sublessee, also said to be out of possession, and against a subtenant who paid its rent in advance to the landlord prior to the appointment of the receiver.
The property involved is a large plot comprising the southwest corner of West Mt. Eden Avenue and Inwood Avenue in Bronx County. The property is improved with a motion picture theatre and stores. The plaintiff, a savings bank, is foreclosing a consolidated mortgage now a Hen against the premises in the amount of $70,873.25. On the eve of the foreclosure action, certain of the defendants entered into various transactions, the effect of which, so it is alleged, impaired the security of the mortgage and prevented the receiver from collecting any rent whatsoever. Whether in this summary proceeding to compel attornment this court can undo what was then done, or whether such relief is obtainable only in an independent action, is the decisive question before me. A brief summary of the facts is required to put this problem in its proper setting.
On October 1, 1925, Milnat Realty Corp., as lessor, leased the entire premises to Cluster Holding Corporation under a 21-year lease. Thereafter the original lease was extended by written agreement dated February 28, 1941, between Atlas Holding Corporation as lessor and Cluster Holding Corporation as lessee. The original lease was extended to February 27, 1966 and said lessee was obligated to pay an annual rental of $26,180.50.
Later, on July 21, 1948, Atlas Holding Corporation assigned that lease to the plaintiff for the purpose of securing payment *72 of the mortgage held by the plaintiff. The assignment expressly provides that Atlas shall not modify or in any way alter the terms of the lease, and that it shall not anticipate the rents and that Atlas could not in any manner release or discharge the lessee from the obligations of the lease. The lessee Cluster received a copy of the assignment and unquestionably is charged with notice of the bank’s rights with respect to the main lease. Meanwhile a sublease had been made. By agreement dated March 1, 1941, Cluster Holding Corporation as lessor leased the premises to J. J. Theatres, Inc., as lessee, for a 25-year period beginning March 1, 1941 and ending February 27, 1966, whereby the lessee agreed to pay an annual rental of $28,690.50.
Thereafter Cluster assigned that lease to the plaintiff as .security for the mortgage and by the express terms of that assignment Cluster, the lessor, agreed that it would not modify or in any way alter the terms of the lease, that it would not anticipate the rents nor waive the obligations of the lease nor in any manner release or discharge the lessee from any of the obligations of the lease. The lessee, J. J. Theatres, Inc., received a copy of that assignment and thereby is charged with notice of the right of plaintiff savings bank and with notice of its landlord’s disability to release this lessee from its obligations under this lease.
So far, as things stand at this point of my narrative of the facts, the bank as part of the security for its mortgage holds an assignment of the rents under the main lease and also holds an assignment of the rents under the sublease. True, the assignment of rents would take effect only in futuro — that is, after a default under the mortgage. But the agreement not to release, cancel or surrender the obligations of the lease is in pnssenii and not in futuro. What happened? Cluster Holding-Corporation in 1952 merged with Atlas Holding Corporation. That merger, defendants contend, has merged the main lease with the fee; consequently by this deliberate affirmative act of the defendants Atlas and Cluster, the main lease and its obligations have vanished.
We turn now to the sublease to J. J. Theatres, Inc., under the terms of which that lessee was obligated to pay $28,960.50 until February 27, 1966. That sublease, on the eve of the foreclosure action, was surrendered and its obligations thus cancelled. This fait accompli left the bank without the security of its assignment of the lease. It was brought about in this manner: Atlas, which had agreed never to cancel the lease, conveyed title to Mt. Eden 50 Corp. on January 15, 1958, and one week later, on January 22, 1958, Mt. Eden Corporation,'for *73 a valuable consideration, accepted a surrender from J. J. Theatres, Inc. and thus released that corporation from its obligation to pay $28,680.50 a year under a lease which had been assigned to the bank and which no one except the bank had the right to cancel.
We come now to the subtenancy of Louis deftochemont Cine-miracle Productions, Inc. This subtenant is in possession under a sublease from J. J. Theatres, Inc., which sublease by its explicit terms required payment of rent in advance. That agreement covering this subtenancy is binding on the receiver (Bank for Sav. v. Shenk Realty & Constr. Co., 265 App. Div. 72). This subtenant need not attorn. Neither can this court on this application compel attornment by Cluster or J. J. Theatres, Inc. But this is not to say that the plaintiff is without remedy in an independent action (Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285). The receiver in an independent action may also have a remedy (cf. Katzen v. Eight-Twenty Park Ave. Corp., 176 Misc. 625, and cases there cited). On the application before me, relief must be denied. In an independent action the plaintiff or receiver may be able to establish illegality or fraud in the cancellation of the main lease or in the surrender of the J. J. Theatres lease. The lessees there named, not being in possession, cannot be compelled to attorn.
The motion is denied without prejudice to the plaintiff or receiver to proceed in any other action to which they may be advised.