█ RADIO SYSTEM, INC., Appellant, et al., Intervenor, v SUTTON ASSOCIATES, INC., Respondent.—Order, Supreme Court, New York County, entered February 20, 1976, unanimously modified, on the law, to the extent of granting plaintiff-appellant's motion for summary judgment and in accordance with the prayer for relief, granting a permanent injunction, and otherwise affirmed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. In the five and one-half years subsequent to June 17, 1969, when the Supreme Court directed the parties to proceed with a new appraisal, the defendant not only failed to obtain a new appraisal (to which plaintiff's rent was to be pegged) but continued plaintiff's tenancy at $35,000 per annum. The history of this matter warrants the conclusion that the defendant abandoned and waived its right to the appraisal which it now seeks. Hence, there is no need for a hearing on that issue and summary judgment is granted in favor of plaintiff and a permanent injunction is to be issued in accordance with the prayer of the complaint as above noted. Settle order on notice affirmatively stating what should be declared. Concur— Markewich, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.

█ FRIEDLANDER, GAINES, COHEN, ROSENTHAL & ROSENBERG, Appellants, v INTERNATIONAL COMPUMEDICS CORPORATION, Respondent.—Order, Supreme Court, New York County, entered January 22, 1976, denying plaintiffs-appellants' motion for summary judgment, unanimously reversed, on the law, with $60 costs and disbursements to appellants, and the motion granted. Although not pleaded in the complaint plaintiffs' moving affidavits and supporting documents clearly establish an account stated *(Milstein v Montefiore Club of Buffalo,* 47 AD2d 805). The legal services plaintiffs rendered to the respondent were concluded on April 13, 1973. Respondent, who was furnished with a statement of those services within a week and, commencing June 1, 1973 monthly thereafter for 17 months, never, prior to the institution of this suit, disputed the amount due or questioned the quality or quantity of the services it had received. Indeed respondent, without any protest, made two partial payments on the outstanding bill and 11 months later when it sought to have the amount of the bill reduced did so not because the services performed or the fee charged were objectionable in any respect but because of its inability to pay. Inasmuch as it appears no threats were directed at the affirmant or to any other person connected with respondent, while in affirmant's presence, the affirmation respondent offered in support of its claim, that it voiced no protest because its president had been terrorized and intimidated, does not raise a triable issue for that affirmation consists of nothing but hearsay and conclusory assertions. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Yesawich, JJ.