■ CENTRAL SAVINGS BANK, Respondent, v CHATHAM ASSOCIATES, INC., et al., Defendants, and RADIO CITY PARKING, INC., et al., Appellants.—Order, Supreme Court, New York County, entered July 12, 1976, denying a motion to modify or clarify a prior order of said court in respect of a receiver's right to collect rents in this mortgage foreclosure action, unanimously reversed, on the law, and the motion granted to the extent of limiting the receiver to

the collection of rent due from the prime tenant, Radio System, Inc. The stay of enforcement of the order appealed from, heretofore granted on July 29, 1976, is vacated and the bond filed thereunder is discharged. Appellants shall recover of respondent $40 costs and disbursements of this appeal. Plaintiff seeks to foreclose four mortgages, as consolidated and extended by agreement dated January 9, 1969, following a default thereunder. Pursuant to a lease dated March 28, 1947, and recorded on June 11, 1947, the then fee owner leased the entire premises to appellant Radio System, Inc. ("System"), for a period, as extended pursuant to the terms of the lease, that terminates on June 30, 1989. By agreement dated May 12, 1947, System sublet the entire premises to a predecessor of appellant Radio City Parking, Inc. ("Parking"). The sublessee further sublet the premises to four sub-subtenants. The rent generated by the sub-subtenants is greater than the amount that Parking must pay to System. In turn the rent obligation of System to the fee owner (now fixed at $35,000 per annum [*Radio System v Sutton Assoc.,* 54 AD2d 859]) is less than it receives from Parking. The original order of Special Term appointing a receiver in foreclosure and the order appealed from direct said receiver to collect the rents payable by sub-subtenants, but not from any other tenants "unless there be default in payment", relying on *Fletcher v McKeon* (71 App Div 278) and *Schwartz v Alexander* (178 App Div 641). These cases and others which relied on them were effectively overruled in *Prudence Co. v 160 West 73rd St. Corp.* (260 NY 205) and *Markantonis v Madlan Realty Corp.* (262 NY 354). The current rule is that, absent fraud or collusive action in anticipation of foreclosure or receivership, pending a judgment of foreclosure and sale the receiver "may not collect a higher rent from a tenant than is stipulated in a lease, nor may he collect any other sum than the normal rents and profits from the premises to which the owner would be entitled if there were no receivership." (15 Carmody-Wait 2d, NY Prac, § 92:490.) Before concluding, we parenthetically note that a serious question is presented here as to the superiority of the recorded lease to some if not all of the consolidated mortgages sought to be foreclosed. However, it is unnecessary to reach that issue on the instant appeal. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.