■ NEW YORK CITY COMMUNITY PRESERVATION CORP., Plaintiff, v MICHELIN ASSOCIATES, Respondent, and GREGG WALKER, Appellant, et al., Defendants.—In a mortgage foreclosure action, in which the receiver moved, *inter alia,* to compel certain tenants to attorn to the receiver for rents due, tenant Gregg Walker appeals from an order and judgment (one paper) of the Supreme Court, Kings County (De Matteo, R.), dated August 19, 1983, which, *inter alia,* declared the lease of tenant Walker to be null and void, and Walker to be a month-to-month tenant, and ordered him to attorn to the receiver for unpaid rents totaling $5,625, plus interest.

Order and judgment modified, on the law and the facts, by: (1) deleting the first decretal paragraph thereof and substituting therefor the following: "Ordered, adjudged and decreed, that the receiver shall not be bound by the rent stipulated in the said lease, and the tenant, Gregg Walker, shall attorn to the receiver, and the receiver shall collect and recover from the tenant, rent in the amount of $225 per month, commencing from August 1, 1981 and for a period of 25 months thereafter, for a total sum of $5,625; and it is therefore further"; and (2) deleting from the second decretal paragraph thereof the provisions granting to the receiver possession of apartment 4D at 263 Eastern Parkway, Brooklyn, New York, and directing the Sheriff to enter the said premises and to eject the tenant, Gregg Walker, and to deliver possession of the said premises to the receiver. As so modified, order and judgment affirmed, without costs or disbursements.

Appellant Gregg Walker rented an apartment at 263 Eastern Parkway in Brooklyn in 1976. In 1978, the property was

purchased by Michelin Associates (Michelin), a limited partnership. In the latter part of 1978, Walker was allegedly hired by Michelin to assist in renovation of the building, and he was thereafter allegedly employed by Michelin in various capacities, including building superintendent and managing agent. On April 1, 1979, a written lease for the apartment at 263 Eastern Parkway was executed between Walker and Michelin by Mitchell Fine, the president of Michelin Realty, Ltd., a general partner in Michelin. The lease was for a term of 20 years, with a stipulated monthly rent of $1, and it expressly provided that it would be subordinate to the liens of existing and future mortgages on the premises.

Thereafter, plaintiff New York City Community Preservation Corp. commenced an action to foreclose the mortgage on the premises. The mortgage provided, *inter alia,* that in the event that a receiver was appointed in such an action, the receiver would be entitled to collect and receive rents "and the value of the use and occupation of the premises or any part thereof from the owner, tenants and/or occupants thereof for the benefit of the mortgagee". The mortgage further provided for the assignment to the mortgagee of "the rents, issues and profits, now or hereafter accruing or becoming due, of the premises as further security for the payment of the [mortgage] indebtedness and the interest thereon", and such assignment was to remain in effect until the mortgage was paid.

A receiver was, in fact, appointed, and the order of appointment provided, *inter alia,* that the receiver was authorized to collect rents from tenants and to prosecute actions for the collection of such rents and for the eviction of such tenants.

The receiver, Geraldine Sicignano, thereafter moved, *inter alia,* to compel Walker and certain other tenants at 263 Eastern Parkway to attorn to the receiver for rents due and to become due, to account to the receiver for all such rents, and to authorize the eviction of any such tenants in default. The receiver's motion was directed to a Special Referee (Salvatore De Matteo) for hearing and determination. After a hearing, the Special Referee determined that the lease of the apartment at 263 Eastern Parkway between Walker, as tenant, and Michelin, as landlord, was collusively entered into and fraudulent. This determination was based upon the Special Referee's finding that Mitchell Fine had lacked authority to grant the lease on behalf of Michelin and he had done so in contemplation of foreclosure, without the knowledge of and for the purpose of harming his partners, with whom he was then

embroiled in a bitter dispute. Moreover, the Special Referee found that Walker's employment had been, in effect, a sham, and the monthly rent of $1 established in the lease was therefore grossly inadequate. Accordingly, the Special Referee declared the lease to be null and void, and Walker to be a month-to-month tenant at a monthly rental of $225, and the receiver was to recover and have judgment for unpaid rents accruing during the previous 25 months, for a total of $5,625, plus interest; in the event that such judgment was not satisfied within a specified time, the receiver would be entitled to possession of the apartment, and the Sheriff empowered to remove Walker from the premises. An order and judgment (one paper) embodying the foregoing findings and determinations was made, and Walker has appealed therefrom.

Subsequently, on November 15, 1983, the underlying foreclosure action was settled by stipulation, which purported to assign to defendant Michelin the obligation of prosecuting the proceedings commenced by the receiver against Walker. By order dated August 21, 1984 (Multer, Special Referee), the receiver was discharged, but the order made no provision for the assignment of her claims against the tenant.

As a general rule, a receiver of rents and profits in a mortgage foreclosure action is bound by the agreement between the tenant and the mortgagor landlord, and notwithstanding that the amount fixed as rent under the terms of the lease is less than the fair and reasonable rental value of the premises, the tenant may not be required to pay to the receiver a greater amount, even though the lease is subordinate to the lien of the mortgage *(see, Prudence Co. v 160 W. Seventy-third St. Corp.,* 260 NY 205, 213; *see also, Markantonis v Madlan Realty Corp.,* 262 NY 354; *Central Sav. Bank v Chatham Assoc.,* 54 AD2d 873; *Bank for Savings v Shenk Realty & Constr. Co.,* 265 App Div 72; *Bank of Manhattan Trust Co. v Twenty-one Sixty-six Broadway Corp.,* 237 App Div 734; *Flatbush Sav. Bank v Levy,* 109 NYS2d 247; 15 Carmody-Wait 2d, NY Prac § 92:490, at 461). However, this rule presupposes the existence of a bona fide lease, and a court has "broad power" to prevent frustration of an order appointing a receiver of rents "by a collusive or fraudulent lease for an inadequate rental or advance payment of rent in anticipation of a foreclosure action" *(Prudence Co. v 160 W. Seventy-third St. Corp., supra,* at p 213). Moreover, even in the absence of fraud or collusion, an agreement by the mortgagor with respect to the mortgaged premises is not conclusive upon the mortgagee, or the receiver, where such agreement contravenes

an express covenant or the necessary implications of a prior recorded mortgage *(see, Bank of Manhattan Trust Co. v 571 Park Ave. Corp.,* 263 NY 57, 62; *see also, Colter Realty v Primer Realty Corp.,* 262 App Div 77). For example, in *Bank of Manhattan Trust Co. v 571 Park Ave. Corp. (supra,* at pp 62-63), the mortgage contained an assignment of rents as security for the mortgage indebtedness in the event of default, and a covenant proscribing impairment of the mortgage lien by the mortgagor. The court held that the mortgagor could not contractually assign the rents collectible from the premises to a general creditor, or contractually eliminate its right to collect rent, because such an agreement would impair the lien of the mortgage upon the rents. The Court of Appeals in *Bank of Manhattan Trust Co. v 571 Park Ave. Corp. (supra,* at p 63) stated: "It is not necessary to find any collusion in making such an arrangement; it was simply beyond the power of the parties either to appropriate the pledged rents to a different indebtedness, or to defeat the pledge by granting the use of the premises rent free. This was not only expressly forbidden by the mortgage, but it seems a necessary consequence of the assignment of rents contained in it. These rents were expressly made security for the mortgage indebtedness in the event of default, and the scope of the contracts the mortgagor or its successors might make was necessarily limited to that extent. The pledge of these rents could not subsequently be rendered worthless either by another assignment of rents to be received, or by contracting away the right to collect any rent".

In the instant case, we need not review the Special Referee's determination that the lease between Walker and Michelin, the landlord mortgagor, was fraudulent, collusive and made in anticipation of foreclosure of the mortgage. Like the mortgage in the *Bank of Manhattan Trust Co.* case *(supra),* the mortgage in question contained an assignment of rents as security for the mortgage indebtedness. Therefore, the agreement by Michelin to lease an apartment to Walker for 20 years at a stipulated rent of only $1 per month was in clear contravention of the mortgage, regardless of whether that agreement had been made with a fraudulent intent. Simply put, Michelin lacked the power to defeat its pledge of the rents as security by granting use of the premises at a nominal rent *(see, Bank of Manhattan Trust Co. v 571 Park Ave. Corp., supra; see also, Colter Realty v Primer Realty Corp., supra).* Furthermore, the Walker lease was expressly subordinated to the liens of existing and future mortgages on the premises, and the mortgage

in question provided, *inter alia,* that in the event of default, the receiver could collect from the tenants the rents *and* "the value of the use and occupation of the premises". Thus, as to the receiver, the Special Referee properly set aside the rent stipulated in the lease and authorized the receiver to collect a reasonable rent from Walker for the apartment.

However, the order directing the tenant to pay occupational rent to the receiver was not conclusive upon Michelin, the mortgagor landlord, which was not a party to the receiver's application *(see, Markantonis v Madlan Realty Corp.,* 262 NY 354, 360, *supra).* Therefore, we modify the judgment and order appealed from by deleting that provision which declared the entire lease to be null and void for all purposes, and Walker to be a month-to-month tenant. In addition, because the right of the receiver to collect occupational rent did not otherwise invalidate the underlying lease between the tenant Walker and Michelin, the mortgagor landlord, we delete that provision of the judgment and order appealed from which entitled the receiver to possession of the apartment and empowered the Sheriff to remove Walker therefrom. In so doing, we express no view regarding what future remedies, if any, may be pursued against Walker in the event that the order and judgment, as modified herein, is not paid, or in the event of a default in the payment of rents accruing after the date of said order and judgment. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.