■ CROSSLAND FEDERAL SAVINGS BANK, Respondent, v HILDA PEKOFSKY et al., Appellants. [641 NYS2d 406] —In an action, *inter alia,* to foreclose a mortgage, the defendants Hilda Pekofsky

and Nathan A. Pekofsky, individually, and Hilda Pekofsky and Nathan A. Pekofsky as trustees pursuant to a trust agreement dated January 2, 1986, appeal, as limited by their briefs, from (1) so much of an order of the Supreme Court, Rockland County (Rudolph, J.), dated March 9, 1995, as granted the cross motion of the receiver to compel the defendants to turn over $459,112.44 in rent, (2) so much of an unsigned order of the same court, dated April 26, 1995, as purportedly granted the plaintiff's motion for summary judgment, and (3) so much of an order of the same court, entered May 31, 1995, as granted the plaintiff's motion for summary judgment.

Ordered that the appeal from the unsigned order dated April 26, 1995, is dismissed as no appeal lies therefrom; and it is further,

Ordered that the order dated March 9, 1995, is affirmed; and it is further,

Ordered that the order entered May 31, 1995, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On July 18, 1988, the defendants Hilda Pekofsky and Nathan A. Pekofsky borrowed $4 million, secured by a consolidated mortgage on property located in Nanuet, New York, in favor of the plaintiff Crossland Federal Savings Bank. On the maturity date of the loan, the Pekofskys did not pay off the loan.

The plaintiff commenced this foreclosure action against the defendants, and a receiver was appointed. The Pekofskys moved to terminate the receiver and for an accounting. The receiver cross-moved to compel the Pekofskys to turn over certain rents that they had collected upon the termination of a 20-year lease with Chi-Chi's Restaurant. The Supreme Court denied the Pekofskys' motion and granted the cross motion. Thereafter, the plaintiff moved for summary judgment, which was granted.

On appeal, the defendants argue that the Supreme Court erred in granting the receiver's cross motion for the turnover of the rents and in granting summary judgment of foreclosure to the plaintiff.

Even in the absence of fraud or collusion, an agreement by the mortgagor with respect to the mortgaged property may not be binding upon the mortgagee or the receiver where the agreement contravenes an express covenant or the necessary implications of a prior recorded mortgage (see, e.g., *Bank of Manhattan Trust Co. v 571 Park Ave. Corp.*, 263 NY 57; *New York City Community Preservation Corp. v Michelin Assocs.*, 115 AD2d 715).

Here, the mortgage required that the Pekofskys had to obtain the consent of the plaintiff to terminate the lease, which they did not do. Because of the consent provision, the Pekofskys could not lawfully enter into the termination agreement with Chi-Chi's Restaurant and accept the lump sum payment (*see, e.g., New York City Community Preservation Corp. v Michelin Assocs., supra,* at 717-718). Further, while Chi-Chi's Restaurant had the right to terminate its lease at any time, it had to do so in the very specific manner provided in the lease and the termination agreement contravened the lease because the premises were not re-let by the Pekofskys. Therefore, Chi-Chi's Restaurant should have been obligated to pay the full rent as set forth in the lease.

Furthermore, the Supreme Court properly awarded the plaintiff summary judgment. In response to the plaintiff's showing, the evidence submitted by the Pekofskys on their six affirmative defenses and four counterclaims, which were based on a claimed breach of an option to extend repayment of the mortgage, did not raise a triable issue of fact which would bar summary judgment. O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.