■ DIME SAVINGS BANK OF NEW YORK, FSB, Plaintiff, v MONTAGUE STREET REALTY ASSOCIATES et al., Defendants, and MARK

F. PALOMINO, Receiver-Respondent. EUROPEAN AMERICAN BANK, Nonparty Tenant-Appellant. [645 NYS2d 533] —In a mortgage foreclosure action, in which the receiver moved to compel European American Bank, a nonparty tenant, to attorn for rents due, the European American Savings Bank appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), entered June 27, 1995, which is in favor of the receiver and against it in the principal sum of $160,000. The notice of appeal from an order of the same court entered June 1, 1995, is deemed a premature notice of appeal from the judgment.

Ordered that the judgment is affirmed, with costs.

In 1982, the appellant, European American Bank (hereinafter EAB), entered into a lease with Montaco Realty Co. (hereinafter Montaco) for the rental of certain property in Brooklyn. The lease was to terminate on May 31, 1993. Montaco later sold the property to Montague Street Realty Associates (hereinafter MSRA). On April 22, 1987, MSRA mortgaged the premises with the Dime Savings Bank of New York, FSB (hereinafter Dime). Pursuant to the terms of the mortgage agreement, MSRA, *inter alia,* agreed not to enter into any agreements for the prepayment of rent without the express written consent of Dime. On October 15, 1992, MSRA agreed to extend EAB's lease for an additional five years. The lease extension, which incorporated by reference the terms of EAB's prior lease with Montaco, required EAB to pay one year's rent, or $160,000 in advance for the period of June 1, 1993, through May 31, 1994. This amount was paid on or about October 15, 1992. Thereafter, MSRA defaulted on its mortgage obligation to Dime. Accordingly, on or about January 25, 1993, approximately three months after the lease extension between EAB and MSRA, Dime commenced foreclosure proceedings against, *inter alia,* MSRA. On January 28, 1993, the respondent Mark Palomino was appointed receiver of the rents and profits of the property. Palomino served EAB with notice to attorn for rents and EAB paid rent to Palomino for March, April, and May of 1993. However, EAB refused to pay rent to Palomino for the period June 1, 1993, through May 31, 1994, pursuant to its prepayment of rent to MSRA for that period. Accordingly, Palomino moved to compel EAB to attorn for rent for the one-year period in question. The Supreme Court granted judgment in favor of Palomino and we affirm.

In *New York City Community Preservation Corp. v Michelin Assocs.* (115 AD2d 715, 717-718), this Court held, *inter alia,* that "even in the absence of fraud or collusion, an agreement by the mortgagor with respect to the mortgaged premises is

not conclusive upon the mortgagee, or the receiver, where such agreement contravenes an express covenant or the necessary implications of a prior recorded mortgage *(see, Bank of Manhattan Trust Co. v 571 Park Ave. Corp.,* 263 NY 57, 62; *see also, Colter Realty v Primer Realty Corp.,* 262 App Div 77)" *(see also,* 3A Warren's Weed, New York Real Property, Mortgage Foreclosure, § 25.06 [4th ed]). Here, the mortgage between MSRA and Dime was executed on April 22, 1987, and recorded on May 14, 1987. Thus, the 1992 lease extension between EAB and MSRA post-dates the prior recorded mortgage of Dime. Accordingly, as the lease extension agreement was in contravention of the express terms of the mortgage agreement, it is not binding on Dime *(see, Home Life Ins. Co. v O'Sullivan,* 151 App Div 535; *Fletcher v McKeon,* 71 App Div 278). EAB's argument that the lease extension was a mere continuation of the original 1982 lease with Montaco is without merit. The original lease was not extended or renewed pursuant to a provision therein providing for such *(see, Orr v Doubleday, Page & Co.,* 223 NY 334; *Swan v Inderlied,* 187 NY 372; 74 NY Jur 2d, Landlord and Tenant, §§ 729, 749). Rather, the lease extension constituted a new and separate agreement *(see, Robinson v Jewett,* 116 NY 40; 74 NY Jur 2d, Landlord and Tenant, § 725). O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.