**In re C KITCHEN ASSOCIATES, INC., Debtor.**

**In re Gruber Supply Corporation, Debtor.**

**Bankruptcy Nos. 92–11938 B, 92–11937 B.**

United States Bankruptcy Court, W.D. New York.

March 3, 2000.

Thomas J. Gaffney, Buffalo, New York, for the trustee.

Gross Shuman Brizdle & Gilfillan, P.C., Robert J. Feldman, of counsel, Buffalo, New York, for the debtors.

Nixon Peabody LLP, Gregory J. Mascitti, of counsel, Rochester, New York, for Lennar Northeast Partners, L.P.

CARL L. BUCKI, Bankruptcy Judge.

In these related proceedings, the Chapter 7 trustee objects to proofs of claim that a mortgagee has filed to recover unpaid rent allegedly due for property that the debtors had occupied as tenants prior to a foreclosure sale. At issue is the application of New York law relative to the recovery of foreclosure deficiencies.

C Kitchen Associates, Inc. ("C Kitchen"), and Gruber Supply Corporation ("Gruber Supply") filed separate petitions for relief under Chapter 11 of the Bankruptcy Code on May 29, 1992. At that time, both debtors were tenants of property on Walden Avenue in the Town of Cheektowaga, New York. The owners both of this property and of the debtor corporations were Carl and Eva Gifaldi. Pursuant to an oral understanding with the Gifaldis, the debtors paid no rent in consideration for their occupancy.

Sometime prior to the debtors' bankruptcy filings, Chase Manhattan Bank, N.A. ("Chase") commenced an action to foreclose a first mortgage on the Walden Avenue property. In its complaint, Chase designated both C Kitchen and Gruber Supply as defendants, due to their status as tenants and occupants. The debtors' bankruptcies effected a stay of the foreclosure proceedings, but this court granted an order lifting that stay in November 1992. Then in May 1994, Chase secured the appointment of a receiver of rents in the foreclosure action. Shortly thereafter, the Gifaldis filed their own petition for relief under Chapter 11 of the Bankruptcy Code. At about this time, Chase assigned its mortgage to Lennar Northeast Partners, L.P. ("Lennar"). On January 11, 1996, this court granted Lennar's motion for stay relief in the Gifaldis' case, and granted the motion of the United States Trustee to convert the cases of both C Kitchen and Gruber Supply to Chapter 7. The corporations' Chapter 7 trustee made no motion to assume the lease of either debtor, but vacated the premises after

completing a tag and auction sale of personal property in July 1996.

At a duly scheduled auction in November 1996, the foreclosure referee sold the Walden Avenue property to Lennar. The referee's deed, however, was not recorded until more than a year later. Although the outstanding loan balance exceeded the bid price, the New York courts ultimately denied Lennar's application for a deficiency judgment, on the basis that it had failed to make timely application for such relief under section 1371 of the New York Real Property Actions and Proceedings Law. Nonetheless, Lennar now seeks to recover, from the bankruptcy estates of C Kitchen and Gruber Supply, the rental value of the leased premises for the period between the conversions to Chapter 7 and the date on which the trustee vacated the premises, together with the cost of clean-up. For the reasons recited hereafter, these claims are to be disallowed in full.

 Lennar may assert rights from either of two perspectives: that of current owner or that of unsatisfied mortgagee. In the foreclosure proceeding, Chase and Lennar chose to designate C Kitchen and Grubber Supply as defendants. The effect of the foreclosure sale, therefore, was to terminate both leases. Thus, neither debtor could have any continuing lease obligations to the successful bidder after the foreclosure sale. Because the Chapter 7 trustee vacated the Walden Avenue property prior to the foreclosure sale, Lennar as new owner could have no claim against the trustee for any hold-over occupancy. And because the new owner at foreclosure acquires property in an "as is" condition, Lennar as that new owner holds no claim for costs of clean-up.

Lennar urges reliance on the decision of the New York Court of Appeals in *Markantonis v. Madlan Realty Corp.*, 262 N.Y. 354, 361, 186 N.E. 862 (1933), which held that in the particular foreclosure sale there at issue, the purchaser "acquired the title and ownership previously vested in the mortgagor, including the same right to enforce the lease which the mortgagor previously had." In contrast to the present situation, the mortgagee in *Markantonis* had chosen not to name the tenant as a defendant. It was for that reason that the lease obligations survived, whereas in the present instance, C Kitchen and Gruber Supply have no lease liability to the new owner. Accordingly, the only possible basis of claim by Lennar would be whatever entitlement might exist to recover a deficiency on its mortgage.

Section 1371 of the New York Real Property Actions and Proceedings Law establishes the standards for collection of foreclosure deficiencies. Of relevance are subdivisions 3 and 4 of this section, which read as follows:

> 3. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.

> 4. Notwithstanding the foregoing provisions and irrespective of whether a motion for a deficiency judgment shall have been made or, if made, shall have been denied, the court shall direct that all moneys remaining in the hands of a receiver of the rents and profits appointed in the action, after the payment of the receiver's fees and the expenses of the receivership, or any moneys remaining in the hands of a mortgagee in possession or an assignee of the rents and profits of the premises, shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for the property upon the sale.

In the context of Lennar's foreclosure of the Walden Avenue property, the state court has denied the application for a deficiency judgment. Ruling that that application was untimely, the court essentially concluded that Lennar had failed to move as prescribed by section 1371. According-

ly, by reason of subdivision 3 of that section, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt." There no longer being any mortgage debt, Lennar holds no remaining claim which it might recover from either C Kitchen or Grubber Supply.

Subdivision 4 of section 1371 recognizes that even when a deficiency application is denied, all monies remaining in the possession of the receiver of rents shall be paid to the mortgagee "to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for the property upon the sale." In the present instance, however, no monies remain in the receiver's possession. Nor has the receiver filed a proof of claim in either of the bankruptcy proceedings. Rather at issue is a claim that the mortgagee has filed not against the receiver, but against tenants. As to such a claim, subdivision 4 of section 1371 simply has no application.

The foreclosure of the Walden Avenue property has fully satisfied any mortgage debt owed to Lennar. Because the foreclosure also terminated any leasehold interests, neither C Kitchen nor Gruber Supply have any other obligation to Lennar. Accordingly, the court will sustain the trustee's objection to the proofs of claim that Lennar has filed in each of these cases.

So ordered.